# KIRK ET AL. *v.* OLSON.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH
DAKOTA.

No. 81. Argued November 23, 1917.—Decided December 10, 1917.

A finding of mineral character made in allowing an entry under the placer mining law is subject to be reconsidered and reversed by the Land Department at any time before the patent issues, upon due notice to the parties interested.

Where land embraced in conflicting placer and homestead entries is found, upon hearing in the Land Department, to be non-mineral and therefore is patented to the homesteader, the finding does not conclude a claimant under the placer entry who was not notified and given opportunity to be heard; a trust might be declared in his favor if he proved the land mineral; but not when the evidence confirms the Department's finding.

35 S. Dak. 620, affirmed.

THE case is stated in the opinion.

*Mr. William G. Porter, Mr. Ed. L. Grantham* and *Mr. C. C. Croal* for plaintiffs in error, submitted.

*Mr. Samuel Herrick,* with whom *Mr. Clifford A. Wilson* was on the brief, for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was a suit to quiet the title to a small tract of land in South Dakota which had been the subject of conflicting claims under the public land laws. One claim was made under the placer mining law and the other under the homestead law. Both claims embraced other lands, the tract in question being all that was common to both. It was subject to disposal under the placer mining law if valuable for placer mining, and under the homestead law [1] if valuable only for agriculture. Whether it was valuable for the one purpose or the other was a question of fact to be determined by the officers of the Land Department. The claim under the placer mining law was first brought to the attention of those officers and, upon *ex parte* proofs presented in support of that claim, they found the tract to be valuable for placer mining and permitted it to be included in a placer entry. The homestead claim was next brought to their attention and, upon *ex parte* proofs presented in support of that claim, they found the tract to be valuable only for agriculture and permitted it to be included in a homestead entry. Thus the findings upon the *ex parte* proofs were incon-

---

[1] The tract was in the Black Hills Forest Reserve and, if agricultural land, was brought within the operation of the homestead law by the Acts of March 3, 1899, c. 424, 30 Stat. 1095, and April 15, 1902, c. 507, 32 Stat. 106.

sistent and the tract was included in conflicting entries. This was discovered before either entry was passed to patent, and so a hearing was ordered to determine the true character of the land. The placer entry had been made by two brothers and through some inadvertence one of these was not notified of the hearing. The other brother and the homestead entryman appeared and the hearing proceeded as if all parties in interest were present; that is to say, there was no reference to the absence of the placer claimant not notified. Upon the proofs produced at this hearing the land officers found the tract to have no value for placer mining and to be valuable only for agriculture, and as a result of the finding the tract was eliminated from the placer entry and the homestead entry was passed to patent. The patentee afterward sold and transferred the tract to the plaintiff, who knew that a right to it was still being asserted under the placer entry.

By their answer, which was in the nature of a cross bill, the defendants, who were the placer claimants, asserted that they had located and were entitled to the mining claim before mentioned, that the tract in question was lawfully included in that claim and was valuable for placer mining, that the entry of the claim at the land office was lawful and entitled them to a patent, and that the subsequent elimination of the tract from that entry was unlawful and violative of their rights, because the earlier finding that the tract was valuable for placer mining was conclusive upon that point, and, if not conclusive, could not be recalled or disturbed except upon due notice to both placer claimants and after giving them a reasonable opportunity to sustain their entry by evidence and otherwise. The right of the homestead claimant to have the tract patented to him was questioned on other grounds, but these need not be noticed, for they plainly were such as could not be urged by the defendants. The answer con-

cluded with a prayer that the plaintiff be decreed to hold the title to the tract in trust for the defendants and compelled to convey the same to them.

At the trial the evidence bearing upon the character of the tract disclosed, without any contradiction, that it had no value for placer mining, but was strictly agricultural land, and that its only use by the placer claimants had been for farming purposes.

The plaintiff was given a decree, which was affirmed, 35 S. Dak. 620, and the defendants seek a review here.

A statement of the case leaves little to be said, for the pertinent rules of decision are well settled and easily applied.

The original finding respecting the character of the tract was not in itself final or conclusive, but essentially interlocutory. It was only a step in the proceedings looking to the ultimate disposal of the title, and, until the issue of a patent, was as much open to reconsideration and reversal as are the interlocutory orders or decrees of a court of equity until the entry of a final decree. *New Orleans* v. *Paine,* 147 U. S. 261, 266; *Michigan Land and Lumber Co.* v. *Rust,* 168 U. S. 589, 592 *et seq.; Hawley* v. *Diller,* 178 U. S. 476, 488. In the last case this court said: "The Land Department has authority, at any time before a patent is issued, to inquire whether the original entry was in conformity with the act of Congress."

Without any doubt both placer claimants were entitled to notice of the intended reconsideration of the character of the tract and to an opportunity to sustain the original finding by evidence and otherwise. *Parsons* v. *Venzke,* 164 U. S. 89, 91, and cases *supra.* One was not notified and so was not accorded the opportunity to which he was entitled. This irregularity prevented the ultimate finding, upon which the homestead patent rested, from being conclusive of the character of the tract, as against him. *Thayer* v. *Spratt,* 189 U. S. 346, 351. He,

therefore, was entitled in this suit to assert and show, if such was the fact, that the tract was valuable for placer mining, as originally found by the land officers; and had he shown that this was its real character, he would have been entitled to a decree charging the title with an appropriate trust for his benefit. *Guaranty Savings Bank* v. *Bladow*, 176 U. S. 448, 453, 454; *Thayer* v. *Spratt, supra*. But no such showing was made at the trial. On the contrary, the evidence established that the tract was strictly agricultural, and therefore not subject to entry or acquisition under the placer mining law. Thus it appears that the irregularity complained of was not prejudicial and did not result in the issue of a patent to one when it should have gone to another. See *Bohall* v. *Dilla*, 114 U. S. 47; *Sparks* v. *Pierce*, 115 U. S. 408; *Johnson* v. *Riddle*, 240 U. S. 467, 481.

*Judgment affirmed.*