# UNITED STATES EX REL. JOHNSON ET AL. *v.* PAYNE, SECRETARY OF THE INTERIOR.

## ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 291. Argued April 29, 1920.—Decided June 1, 1920.

In completing the rolls of members of the Five Civilized Tribes pursuant to the Act of April 26, 1906, c. 1876, § 2, 34 Stat. 137, the Secretary of the Interior had jurisdiction, on March 4, 1907, to revoke without notice his approval of a report of the Commissioner to the Five Civilized Tribes in favor of applicants for enrollment;

and such applicants cannot secure their enrollment through mandamus upon the suggestion that the revocation was due to mistake. Cf. *Garfield* v. *Goldsby*, 211 U. S. 249.

48 App. D. C. 169, affirmed.

THE case is stated in the opinion.

*Mr. Charles H. Merillat*, with whom *Mr. W. C. Franklin* was on the brief, for plaintiffs in error.

*Mr. Assistant Attorney General Nebeker*, with whom *Mr. H. L. Underwood*, Special Assistant to the Attorney General, was on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition for a writ of mandamus to require the Secretary of the Interior to place the names of the petitioners upon the rolls of the members of the Creek Nation. The petition was dismissed by the Supreme Court of the District of Columbia and the judgment was affirmed by the Court of Appeals. We are not called upon to consider the antecedent facts of the petitioners' case as all that is material can be stated in a few words. Rights as a member of the Nation depend upon the approved rolls. March 4, 1907, was fixed by statute as the time when the rolls were to be completed by the Secretary of the Interior and his previously existing jurisdiction to approve enrollment then ceased. Act of April 26, 1906, c. 1876, § 2, 34 Stat. 137, 138. Before that date the petitioners had on file an application for enrollment, hearings had been had before the proper tribunal, a favorable report had been made to the Secretary and the Secretary had written a letter to the Commissioner to the Five Civilized Tribes, saying, "Your decision is hereby affirmed." But on the last day, March 4, 1907, the Secretary addressed another communication to the same official rescinding the former letter to

him, and reversing his decision. It was ordered that if the petitioners' names were on the rolls they should be stricken off. The Secretary gave no reasons for his action but it is suggested that he acted under mistakes of law and fact, and it is argued that when the first letter was written the petitioners' rights were fixed.

The last is the only point in the case and with regard to that it is argued that this reversal of the first decision without a hearing was a denial of due process of law. It is not denied that the Secretary might have declined to affirm the decision below in the first instance, and that having been his power, the only question is when it came to an end. While the case was before him he was free to change his mind, and he might do so none the less that he had stated an opinion in favor of one side or the other. He did not lose his power to do the conclusive act, ordering and approving an enrollment, *Garfield* v. *Goldsby*, 211 U. S. 249, until the act was done. *New Orleans* v. *Paine*, 147 U. S. 261, 266. *Kirk* v. *Olson*, 245 U. S. 225, 228. The petitioners' names never were on the rolls. The Secretary was the final judge whether they should be, and they cannot be ordered to be put on now, upon a suggestion that the Secretary made a mistake or that he came very near to giving the petitioners the rights they claim.

*Judgment affirmed.*