## McCARL, Comptroller General, et al. v. WALTERS.

### No. 4822.

Court of Appeals of District of Columbia.
Argued Jan. 10, 1930.
Decided March 3, 1930.

Leo A. Rover and H. O. Hoagland, both of Washington, D. C., for appellants.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District restraining appellants from interfering with the payment to appellee of $424.74 (alleged to have been withheld from his pay and allowances as an officer of the United States Navy), and directing appellant, the Secretary of the Navy, and his subordinates, to cause payment of that sum to be made to appellee.

The case was heard on bill and answers; the material facts being as follows: Prior to July 1, 1923, dependent mother allowances aggregating $424.74 were made to appellee. Subsequently the Comptroller General ruled that such allowances were not authorized by law, and appellee, under protest, made repayment. Thereafter, on June 11, 1926, appellee presented to the Comptroller General a claim for refund under the Act of May 26, 1926 (44 Stat. 654).

That act reads as follows: "An Act To validate payments for commutation of quarters, heat, and light, and of rental allowances on account of dependents. Be it enacted, * * * That the Comptroller General of the United States is hereby authorized and directed to allow credit in the accounts of disbursing officers for payments of commutation of quarters, heat, and light under the Act approved April 16, 1918 (Fortieth Statutes, page 530), because of a dependent parent, and as rental and subsistence allowance under the Act of June 10, 1922 (Forty-second Statutes, page 625), because of a dependent mother, made in good faith by disbursing officers prior to July 1, 1923: Provided, That where the payee responded to a needy family condition in an amount at least equal to the allowances obtained by him no collection shall be made on account of payment of the allowances to him prior to July 1, 1923; and amounts heretofore collected as refund of the allowances obtained in such cases prior to July 1, 1923, notwithstanding the protest of the payee, either by stoppage of pay, payment in cash, allotment of pay, or offset, shall be refunded; but this proviso shall not be applicable where the payee has admitted there was no dependency on him, or where he has refused to furnish evidence of the dependency, or where the payee has voluntarily refunded the payments in whole or in part, or has submitted no claim for the allowances in the nature of a protest against offset of his pay as refund of the payments."

It is conceded by appellants that our decision in McCarl v. Cox, 56 App. D. C. 27, 8 F.(2d) 669 (decided November 2, 1925), would be controlling, except for the operation and effect of the above act.

In McCarl v. Cox, and similar cases, it was held that although the United States, like any other employer, would have the right to assert set-offs or counterclaims against the pay of its officials and stop payment of their compensation, thereby compelling them to bring suits against the United States to recover their pay, nevertheless the United States, for reasons of public policy, had not seen fit to assert such right. On the contrary, Congress, by enacting legislation prescribing the pay of officials and directing that they should receive it, and appropriating money to that end, left no discretion to accounting and disbursing officers.

The Act of May 26, 1926, while purporting to validate payments for commutation of

quarters, heat, and light, and of rental allowances on account of dependents, made in good faith by disbursing officers prior to July 1, 1923, impliedly also validated the acts of disbursing officers in making stoppages of pay of officers on account of alleged overpayments of allowances prior to that date, and prescribed the procedure to be followed and the conditions upon which withheld pay should be refunded to the officers.

The Comptroller General in his answer alleges that appellee presented a claim for refund under the above act, and that the Comptroller General "in the exercise of his lawful discretion found there was nothing due to the claimant as upon the facts in the case the law required this defendant to do."

 It is, we think, plain that the Act of May 26, 1926, clothed the Comptroller General with jurisdiction to determine whether pay withheld prior to July 1, 1923, should be refunded. Whether his decision may be reviewed in the Court of Claims we need not determine, as the only question before us is whether it is reviewable here. It is settled law that, where a statute vests a discretion in an executive officer, the exercise of that discretion, unless arbitrary or capricious, is not subject to control by mandamus or mandatory injunction. Work v. United States ex rel. Rives, 267 U. S. 175, 45 S. Ct. 252, 69 L. Ed. 561.

The decree is reversed, with costs, and the cause remanded, with directions to dismiss the bill.

Reversed.