**UNITED STATES ex rel. BOWLING v. HINES, Director of the United States Veterans' Bureau.**

**No. 5224.**

Court of Appeals of District of Columbia.

Argued March 2, 1931.

Decided May 4, 1931.

S. T. Ansell and G. M. Wilmeth, both of Washington, D. C., for appellant.

Leo A. Rover, James T. Brady, Annabel Hinderliter, and B. L. Guffy, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and HITZ, Associate Justices.

ROBB, Associate Justice..

Appeal from a judgment in the Supreme Court of the District overruling the demurrer to the answer to appellant's petition for a writ of mandamus and dismissing the petition; appellant's contention being that he is clearly entitled to receive the pay of a retired enlisted man of the regular army as well as the pay of a retired emergency officer.

Long prior to the World War, appellant was an enlisted man of the regular army. During the World War he was commissioned and served as a first lieutenant in the emergency army, from which service he was honorably discharged February 14, 1919. He re-enlisted in the Army, and was retired in 1923 after more than 30 years' service.

Following the passage of the Act of May 24, 1928 (45 Stat. 735 [38 USCA §§ 581, 582]), known as the Emergency Officers' Retirement Act, appellant applied for retirement thereunder on account of permanent physical disability incurred by him in the line of duty during his commissioned service. The Veterans' Bureau found, and so advised appellant, that he had incurred a permanent disability of not less than 30 per cent. as a result of his military service during the World War, and was entitled to retirement with the rank held by him at his discharge. He was already receiving the pay of a retired enlisted man, and claimed, in addition, the pay of a retired emergency officer. The Bureau ruled that he was entitled at his election to either, but not to both.

Under section 8 of the Act of June 6, 1924 (43 Stat. 470, 472 [10 USCA § 981]), amending the National Defense Act of June 3, 1916 (39 Stat. 166), a retired enlisted man of the Army who served honorably as a commissioned officer of the Army at some time between April 6, 1917, and November 11, 1918, was entitled "to receive the pay of retired warrant officers of the Army; * * * Provided, That such enlisted man retired prior to July 1, 1922, shall be entitled to receive the pay provided by law for retired warrant officers of equal length of service retired prior to that date, and that any such enlisted man retired subsequent to June 30, 1922, shall be entitled to receive the pay provided by law for retired warrant officers of equal length of service retired subsequent to that date: Provided further, That nothing in this Act shall operate to prevent any person from receiving the pay and allowances of his grade, rank, or rating on the retired list when such pay and allowances exceed the pay to which he would be entitled under this Act by virtue of his commissioned service."

Under the Emergency Officers' Retirement Act (May 24, 1928, 45 Stat. 735 [38 USCA §§ 581, 582]), an officer of that class, by making application within one year from the date of the act, was entitled to be placed upon the emergency officers' retired list with the rank held by him when discharged from his commissioned service, and to receive, from the date of receipt of his application, retired pay at the rate of 75 per centum of the pay to which he was entitled at the time of his discharge from his commissioned service, such pay to "be in lieu of all disability compensation benefits to such officers or persons provided in the World War Veterans' Act, 1924, and amendments thereto. * * * *"

It is not disputed that in computing the retired pay of an enlisted man his base pay at enlistment is increased from time to time for length of service. Appellant's 30 years' service included both enlisted and commissioned service. In computing the retired pay of an emergency officer, credit is given for service as an enlisted man. Thus appellant would receive as retired emergency officer 75 per cent. of the base pay at discharge from the emergency commissioned service, and that base pay includes an additional allowance for long enlisted service.

Congress has imposed upon the Director of the Veterans' Bureau (now Administrator of Veterans' Affairs, Act of July 3, 1930, c. 863, 46 Stat. 1016 [38 USCA §§ 11–11f]) the duty of administering the various statutes here involved, and no court may control his action by mandamus in the absence of capricious or arbitrary rulings. Work v. United States ex rel. Rives, 267 U. S. 175, 45 S. Ct. 252, 69 L. Ed. 561. In the present case the Director has found that it was not the intent of Congress that a retired emergency officer, who also served as an enlisted man, should receive the retired pay of both an enlisted man and an emergency officer. Certainly that finding is not unreasonable, and

may not therefore be characterized either as arbitrary or capricious.

It results that the judgment must be affirmed.

Affirmed.

Mr. Justice HITZ took no part in the consideration or decision of this case.