ICKES, Secretary of Department of Interior, v. PATTISON et al. [*]

No. 6406.

United States Court of Appeals for the District of Columbia.

Argued Oct. 15, 1935.

Decided Dec. 2, 1935.

*Certiorari denied United States ex rel. Pattison v. Ickes, 56 S. Ct. 589, 80 L. Ed. ——.

Nathan R. Margold and William H. Hastie, both of Washington, D. C., for appellant.

Webster Ballinger, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

VAN ORSDEL, Associate Justice.

Amos and Marie Hamilton, Osage Indians, filed their petition in the Supreme Court of the District of Columbia as heirs of their son, Timothy Hamilton, deceased, praying that a writ of mandamus issue requiring defendant, Harold L. Ickes, Secretary of the Interior of the United States, to recognize Timothy Hamilton as a duly enrolled member of the Osage Tribe of Indians, under the Osage Allotment Act of June 28, 1906, 34 Stat. 539. During the pendency of this proceeding Amos Hamilton died, and the administrator of his estate, A. B. Pattison, has been substituted for him as a party plaintiff.

From a final order granting the writ, this appeal was taken.

The Allotment Act, among other things, provides: "That the roll of the Osage tribe of Indians, as shown by the records of the United States in the office of the United States Indian agent at the Osage Agency, Oklahoma Territory, as it existed on the first day of January, nineteen hundred and six, and all children born between January first, nineteen hundred and six, and July first, nineteen hundred and seven, to persons whose names are on said roll on January first, nineteen hundred and six, and all children whose names are not now on said roll, but who were born to members of the tribe whose names were on the said roll on January first, nineteen hundred and six, including the children of members of the tribe who have, or have had, white husbands, is hereby declared to be the role of said tribe and to constitute the legal membership thereof." Section 1.

Plaintiffs in their petition allege, in support of their claim for a writ, that Timothy Hamilton was born on November 20, 1905, and that "on December 12, 1905, the duly authorized agents of the United States, acting in their official capacity, completed a roll of the members of the Osage tribe of Indians, upon which said roll the name of their said son, Timothy, was duly and lawfully inscribed on page 39 opposite number 1967 as a member of said Osage tribe of Indians, and their said son, by reason thereof, became a duly enrolled member of said tribe."

It is further alleged that the infant, Timothy, died on January 1, 1906, and that his being alive on that date entitled him to a place on the roll as a member of the Osage Indian Tribe, and entitled his parents, as his lawful heirs, to all of the benefits accruing to an enrolled member of the tribe under the provisions of the act of Congress.

The petitioners prayed that a rule issue requiring the Secretary of the Interior to show cause "why a writ of mandamus should not issue commanding him (a) to recognize the name of petitioner's son, Timothy Hamilton, on the final roll of the Osage tribe of Indians, and to pay to petitioners as the lawful heirs of their said deceased son, the share in all future payments made the Osage Indians to which their said son would have been entitled if alive; and (b) to pay to petitioners an amount equal to a per capita share of all annuity and other payments made to the members of the Osage tribe of Indians

since the quarterly annuity payment of December 12, 1905, or in lieu of payment to them, to place said amount to their credit out of any funds standing to the credit of the Osage tribe of Indians applicable to such purposes, to be held and expended for their benefit as other restricted Indian moneys."

Defendant Secretary answered, challenging the jurisdiction of the court to direct a change in the final roll approved April 11, 1908, or to grant the rights prayed for in the petition; alleging that the action of the former Secretary of the Interior in denying enrollment of Timothy Hamilton was based upon determinations of law and fact requiring an interpretation of the act of June 28, 1906, and the determination of an issue of fact as to the date of the death of Timothy Hamilton.

Defendant denied the allegations of the petition respecting the dates of the birth and death of Timothy Hamilton, alleging as an affirmative defense that Timothy Hamilton died in November, 1905; and as a further defense averred that "the name of Timothy Hamilton appears, upon the annuity pay roll for December as one entitled to that quarterly payment by reason of the practice then established in the administration of Indian affairs that one quarterly payment be made to the head of a household on account of a deceased member thereof to cover expenses of burial." Plaintiffs demurred to the answer. Their demurrer was sustained and defendant electing to stand upon his answer, the court rendered a final judgment that "the respondent, Harold L. Ickes, be, and he is hereby, commanded within twenty days after this date to recognize the name of relator's son, Timothy Hamilton, as now, and at all times heretofore, on the final roll of the Osage tribe of Indians confirmed by the act of June 28, 1906."

It will be observed that the case was disposed of in the court below upon the pleadings after demurrer by plaintiff to the defendant's answer. It follows that the affirmative allegations of the answer, well pleaded, are admitted by the plaintiffs. This greatly simplifies the consideration of the case.

The act of Congress, after providing for the compilation of a final roll, provides that "the revision and approval of the Secretary of the Interior, as herein provided, shall constitute the approved roll of said tribe; and the action of the Secretary of the Interior in the revision of the roll as herein provided shall be final, and the provisions of the Act of Congress of August fifteenth, eighteen hundred and ninety-four, Twenty-eighth Statutes at Large, page three hundred and five, granting persons of Indian blood who have been denied allotments the right to appeal to the courts, are hereby repealed as far as the same relate to the Osage Indians." Section 1. It thus appears that the act of Congress not only makes the final decision of the Secretary conclusive, but closes the doors of the courts to any right of appeal.

The former Secretary, in compiling the roll, before approval, submitted to his proper legal adviser, the Assistant Attorney General for the Interior Department, the question of who, under the act, were entitled to enrollment. The Assistant Attorney General, under date of August 10, 1906, rendered an opinion in which, among other things, he said: "January 1, 1906, is the important date in this legislation. It is clearly intended that all members of the tribe in being on that day shall share in the distribution of the tribal property. The lands and funds of the tribe were communal property in which no individual held a separate interest or one that would descend at his death to his heirs. By death the interest of the individual in the tribal property terminated. Only those living January 1, 1906, had any interest therein that day. None could claim any interest by inheritance, but held alone by virtue of his personal right of membership in the tribe. The membership of the tribe as it was constituted January 1, 1906, must be treated as the thing had in view by the law. An individual who died before that date was not then a member of the tribe, and for the purposes of division of the tribal property under this act it must be considered that his name was erased from the tribal roll at the time of his death."

The averment in the answer that Timothy Hamilton died in November, 1905 is, by the demurrer, an admitted fact, but if it were still open for consideration, we are of opinion that his death prior to January 1, 1906, is overwhelmingly established. Defendant Secretary, in his opinion of September 15, 1933, denying plaintiffs' application to have the name of Timothy Hamilton placed upon the roll, found as facts from Osage records that in the minutes of the tribal council held on December 4, 1905, is the notation: "Timothy Hamilton; born

October 20, 1905; died November 20, 1905." In the December, 1905, payment roll appears the notation: "Timothy Hamilton; born October 20, 1905; died November 17, 1905." In the March payment roll of 1906 is the notation: "Timothy Hamilton; died November 19, 1905." In the official record of the births of the Osage Agency Timothy Hamilton is recorded as born October 20, 1905; and in the official record of deaths of the agency he is recorded as having died November 19, 1905.

Plaintiffs applied to defendant Secretary of the Interior in 1933, to have the name of Timothy Hamilton placed upon the roll. They were given a hearing. Evidence was adduced by Indians of the Osage Tribe who claimed to be conversant with the facts relating to the birth and death of Timothy Hamilton. A number testified from recollection that Timothy Hamilton died on January 1, 1906. The Secretary, with this issue of fact before him, concluded his opinion, denying the petition of the plaintiffs, as follows: "The entire record in this case, and your briefs and oral arguments have been carefully considered. It is not considered that the testimony at the hearing, based entirely on recollection after the passage of twenty-seven years, and with the agency records to the contrary, and with the adverse finding of the Secretary of the Interior (in the approval of the roll without his name on April 11, 1908), that he died before January 1, 1906, is sufficient affirmatively to establish the fact that Timothy Hamilton was alive at any time on January 1, 1906."

■ There are several reasons why the present action cannot be sustained. The former Secretary, in approving the roll, in 1908, was called upon not only to investigate the correctness of the roll, but to interpret the statute. In this he followed the interpretation placed upon the statute by his legal adviser, the Assistant Attorney General. Mandamus cannot be invoked to control the judgment and discretion of the Secretary in arriving at his decision. The Secretary was not called upon to perform a mere ministerial duty. Determination of issues of fact and an interpretation of the law called for his consideration and judgment; whether his decision was right or wrong it cannot be reviewed or controlled by mandamus. Stookey v. Wilbur, 61 App. D.C. 117, 58 F.(2d) 522; United States v. Wildcat, 244 U.S. 111, 37 S.Ct. 561, 61 L. Ed. 1024; United States ex rel. Riverside Oil Co. v. Hitchcock, 190 U.S. 316, 23 S.Ct. 698, 47 L.Ed. 1074; United States ex rel. Ness v. Fisher, 223 U.S. 683, 32 S.Ct. 356, 56 L.Ed. 610; United States ex rel. Hall v. Payne, 254 U.S. 343, 41 S.Ct. 131, 65 L.Ed. 295; Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 50 S.Ct. 320, 74 L.Ed. 809.

■ Under the terms of the statute the approval of the roll by the Secretary is made final and conclusive, and whatever power a court of equity might have to investigate the action of the Secretary for fraud or capricious conduct, nothing of that sort is averred in this case; and inasmuch as merely a mistake of judgment is relied upon as the basis of this action, the conclusive integrity of the roll, as fixed by the terms of the statute, cannot be questioned here. United States ex rel. Johnson v. Payne, 253 U.S. 209, 40 S.Ct. 513, 64 L.Ed. 863; Lane v. United States ex rel. Mickadiet and Tiebault, 241 U.S. 201, 36 S.Ct. 599, 60 L.Ed. 956; Garfield v. Goldsby, 211 U.S. 249, 29 S.Ct. 62, 53 L.Ed. 168.

■ Likewise the repeal of the right granted various tribes of Indians to appeal to the courts (Act Aug. 15, 1894, 28 Stat. 305), in so far as it extended to the Osage Tribe, completely concludes the jurisdiction of the court in this case.

■ But there is still another potent reason why this action cannot be sustained. Defendant Secretary's decision in denying plaintiff's application in 1933 for correction of the roll and the placing of the name of Timothy Hamilton with full restored rights thereon, involved an issue of fact upon which extensive testimony was taken and on which the Secretary's decision rested. If the Secretary's conclusions were erroneous, and a remedy was provided for a review of his decision in the courts, which presumably for wise legislative reasons does not exist, it is elementary that mandamus could not be invoked as a substitute for a proceeding in error. "Mandamus has never been regarded as the proper writ to control the judgment and discretion of an officer as to the decision of a matter which the law gave him the power and imposed upon him the duty to decide for himself. The writ never can be used as a substitute for a writ of error. Nor does the fact that no writ of error will lie in such a case as this, by which to review the judgment of the Secretary, furnish any foundation for the claim that mandamus may therefore be awarded. The

responsibility as well as the power rests with the Secretary, uncontrolled by the courts." United States ex rel. Riverside Oil Co. v. Hitchcock, 190 U.S. 316, 325, 23 S. Ct. 698, 702, 47 L.Ed. 1074.

The court below seems to have adopted the contention of the plaintiffs that the act of June 28, 1906, confirmed the quarterly annuity pay roll of the Osage Tribe for December, 1905, as the final roll, and that the rights conferred by the act extended to all members of the tribe whose names appeared on that roll. Prior to the Allotment Act, quarterly per capita payments were made of interest earned from tribal funds. Act Aug. 19, 1890, 26 Stat. 336, 344. Under this provision, for the distribution of accrued interest, it became necessary for the Osage Agent to compile a quarterly pay roll upon which such distribution should be based; and it appears that the last pay roll before January 1, 1906, was prepared in December, 1905. This could not have been intended by Congress as the final roll of January 1, 1906, since intervening deaths and births might have occurred, leaving the roll imperfect and inaccurate.

We think it clear that the act provided for compiling from the records at the agency, as they existed on January 1, 1906, the final roll of members entitled to participate in the division of the tribal property. Any other interpretation of the act would lead to irregularities and confusion; and the provision of the act declaring the finality of the roll, compiled under its terms, refutes the contention that the December roll was confirmed by the act as the final tribal roll existing on January 1, 1906.

The judgment is reversed.