JUMP et al. v. ELLIS, Superintendent of Osage Indian Agency.

No. 1221.

District Court, N. D. Oklahoma.

March 1, 1938.

Neal E. McNeill, of Tulsa, Okl., for plaintiffs.

Whit Y. Mauzy, U. S. Atty., of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

---

The bill in the instant case alleges that the plaintiff Josephine Jump, née Strikeaxe, and James Strikeaxe, an incompetent, are heirs of Bennie Strikeaxe, deceased; that the defendant is the present Osage agent in charge of the affairs of the Osage Tribe of Indians, under the supervision of the Secretary of the Interior. The bill further alleges that the deceased, Bennie Strikeaxe, was a member of the Osage Tribe of Indians, and as such was enrolled upon the quarterly rolls prior to the preparing of the final roll of members of the Osage Tribe of Indians entitled to participate in the funds and properties of the Tribe. It is alleged that Bennie Strikeaxe appeared on the rolls opposite Roll No. 588, the last of said roll upon which the name appeared being December, 1905, and that a notation on the roll disclosed the fact that the deceased at that time was "crazy," which undoubtedly was intended to disclose insanity of Bennie Strikeaxe on said date. A pencil notation was also included upon the record to the effect that Bennie Strikeaxe died on December 28, 1905. The bill seeks to have the roll of the Osage Tribe of Indians corrected, amended, or supplemented to include the name of Bennie Strikeaxe, so that the heirs of the deceased, Bennie Strikeaxe, may participate in the funds of the tribe. The theory upon which the relief is sought is that the records of the Osage Tribe of Indians disclosed that Bennie Strikeaxe was a member of the tribe and that the final roll should have included his name; that the roll should be corrected to speak the truth by including the name of Bennie Strikeaxe, and it is sought to compel the defendant, the superintendent of the Osage Indian Agency, to erase the pencil notation disclosing the death of Bennie Strikeaxe prior to the preparation of the final roll, and that, as corrected, the defendant be required to perform an official duty to correctly prepare the roll as it existed in the office of the Osage Indian agent on January 1, 1906, to include the name of Bennie Strikeaxe, and to certify the same to the Commissioner of Indian Affairs. It is contended that the heirs of the deceased, Bennie Strikeaxe, are vested with property rights by reason of the deceased being a member of the tribe, and that they are entitled to have the records amended and corrected.

The defendant has interposed his motion to dismiss, and presents three reasons why the same should be sustained, as follows: That the court is without jurisdiction to determine the cause, because the plaintiffs have heretofore instituted a mandamus action against the Secretary of the Interior in the District of Columbia, where similar issues are involved; that plaintiffs are not entitled to the relief sought, because the tribal rolls of the Osage Indians have become final and are not subject to amendment or change, and finally that there is a want of necessary parties defendant.

The three propositions will be separately discussed.

It is unnecessary to consider at length the first reason urged in support of the motion to dismiss. The pleadings do not disclose the existence of the pending suit in the District of Columbia; however, copies of pleadings have been submitted by the defendant after proper notice thereof to plaintiffs' counsel. Such pleadings disclose the existence of a suit against Hon. Harold L. Ickes, Secretary of the Department of the Interior of the United States. The purpose of the suit is to compel the Secretary of the Interior to place the name of Bennie Strikeaxe on the final roll of the Osage Tribe of Indians, by recompiling the said roll, and to pay the petitioners therein, plaintiffs herein, an amount equal to a per capita share of all payments made to the members of the Osage Tribe of Indians, as well as to make disbursements to them in the future.

Plaintiffs contend that there is no merit in this contention of the defendant, for the reason that they seek the relief herein in order to secure evidence to introduce in the case pending in the District of Columbia, and to have the records in the office of the Indian agent corrected to speak the truth before they are certified to the Commissioner's office, and further because the two actions involve different parties. Plaintiffs rely upon a mandamus action instituted against the Commissioner of Patents to compel him to furnish a copy of an abandoned patent remaining on file in his office, and which was wanted for the purpose of being introduced and used in evidence in another case. United States ex rel. v. Hall, Commissioner, 7 Mackey 14, 18 D.C. 14, 1 L. R.A. 738. The cited case did not seek to correct records in the office of the Commissioner of Patents, but merely sought to compel the delivery of the records in order that they may be used in evidence in another case. This action does not seek to compel the delivery of records for use in the case pending in the District of Columbia. It

goes far beyond that in seeking to do indirectly what the plaintiffs cannot do directly. It is unnecessary to rest the decision on the motion to dismiss upon this ground, but it is noteworthy that plaintiffs seek relief greatly in excess of that afforded in the cited case. They seek a correction of records and an amendment to them, contrary to the congressional act governing the final roll of the Osage Indians hereinafter referred to.

■ The second reason urged in support of the motion to dismiss is conclusive of the case. The Osage Allotment Act, which became effective June 28, 1906, 34 Stat. 539, provided that the roll of the Osage Tribe of Indians, as shown by the records of the United States in the office of the United States Indian agent, at the Osage Agency, as it existed on the 1st day of January, 1906, was declared to be the roll of the tribe and to constitute the legal membership thereof. The act further provided for the revision and approval. thereof by the Secretary of the Interior, and further provided that the approval of the Roll by the Secretary of the Interior was made final and conclusive. It is contended here that the December, 1905, pay roll is the determining factor in arriving at the proper final tribal roll. This same contention was urged in the case of Ickes, Secretary, v. Pattison, 65 App.D.C. 116, 80 F.2d 708, certiorari denied U. S. ex rel. Pattison v. Ickes, 297 U.S. 713, 56 S.Ct. 589, 80 L.Ed. 999. The United States Court of Appeals for the District of Columbia, in the cited case, rejected the contention advanced here, and held that the Allotment Act provided for the compilation of the final roll from the records in the office of the Osage Indian agent, rather than from the pay roll then in existence. The decided case properly construes the congressional act. It is unnecessary to note that provision was made in the Allotment Act for the revision of the roll by the Secretary of the Interior, and further that the approval of the roll was required in order to constitute its finality. Congress did not see fit to provide that the quarterly pay roll should constitute the final roll, but undoubtedly, in enacting the Allotment Act, recognized errors in the quarterly pay rolls, as well as changes in the personnel of the enrollees upon the pay rolls, and undertook to establish a final roll, which was to be compiled from the records. The cited case is controlling of the contentions, and squarely supports the position of the defendant.

■ The Allotment Act makes the roll, as finally approved by the Secretary of the Interior, final and conclusive. If a mistake was made in omitting the name of Bennie Strikeaxe therefrom, or if error was made in noting the death of Bennie Strikeaxe, or if the officials of the Osage Agency improperly concluded that Bennie Strikeaxe's name should not have been included upon the Roll because of his death, no relief can be afforded plaintiffs because, under the terms of the statute, such mistakes cannot be questioned here. No fraud is alleged, but the purpose of the bill is to correct mistakes and to correct records which, it is alleged, were mistakenly made in showing Bennie Strikeaxe to have died on December 28, 1905. The statute renders it impossible to afford plaintiffs such relief. See Johnson v. Payne, 253 U.S. 209, 40 S.Ct. 513, 64 L.Ed. 863; Lane v. United States ex rel., 241 U.S. 201, 36 S.Ct. 599, 60 L.Ed. 956; Garfield v. U. S. ex rel. Goldsby, 211 U.S. 249, 29 S.Ct. 62, 53 L.Ed. 168; Ickes v. Pattison, supra.

■ It is contended by plaintiffs that a court of equity has a right to remove clouds upon titles, which as a general proposition is a sound principle of law. In the instant case, the Allotment Act conclusively establishes that no cloud has been placed upon any title or right of plaintiffs. No cloud exists upon any title or right of plaintiffs, because they could have no right to participate in the tribal funds and properties unless Bennie Strikeaxe had been placed upon the final roll, as approved by the Secretary of the Interior. The fact that he was omitted from the final roll divested plaintiffs of any right to participate in the funds and properties of the tribe. Cases are cited by plaintiffs sustaining the proposition that officials are without authority to erase from approved Indian rolls, without notice of hearing, the name of one who has received an allotment certificate, or who has obtained vested rights by reason thereof. See Garfield v. U. S. ex rel. Goldsby, 211 U.S. 249, 29 S.Ct. 62, 53 L.Ed. 168; United States v. Wildcat, 244 U.S. 111, 37 S.Ct. 561, 61 L.Ed. 1024; Brown v. Hitchcock, 173 U.S. 473, 19 S.Ct. 485, 43 L.Ed. 772; Tiger v. Twin State Oil Company, 10 Cir., 48 F.2d 509; Kemohah v. Shaffer Oil Company, D. C., 38 F.2d 665. These authorities are not controlling in the instant case, and have no application herein for the reason that no rights have become vested in plaintiffs; Bennie Strikeaxe nor plaintiffs were ever

enrolled upon the final approved tribal roll of the Osage Indians. If Bennie Strikeaxe had been enrolled upon the final roll, approved by the Secretary of the Interior, and his name had been subsequently erased therefrom, the cited cases would be controlling.

■ An ingenious argument has been presented by plaintiffs, to the effect that the Indian agent, under acts of Congress, was constituted a principal to keep records of expenditures of funds distributed, and that this action may be maintained against him rather than against the Secretary of the Interior. It is contended that, if the duties performed and to be performed by the Indian agent were under the direction of the Secretary of the Interior, he would be acting merely as an agent, and his principal and superior would be a necessary party, but that, if he is performing duties directed to be performed by statute, as to those duties, it is asserted, the agent would be acting as the principal, and he alone is a necessary party to compel performance of such duties. It is attempted to reach this conclusion by referring to the Act of Congress of March 3, 1875, 18 Stat. 451, section 4, 25 U.S.C.A. § 133, thereof providing that each agent in charge of Indians, having supplies to distribute, was required to make out at the commencement of each fiscal year rolls of the Indians and of the heads of the families or lodges, with a number in each family or lodge, and to give out supplies to the heads of families, limiting the distribution of supplies, et cetera. Section 10 of the act 25 U.S.C.A. § 37, requires each Indian agent to keep a book of itemized expenditures of every kind, with a record of all contracts, together with receipts of money from all sources. It provided that the books shall always be open to inspection and shall remain in the office at the respective reservations, not to be removed from the reservation by the agent, but was to be safely kept and handed over to successors, and true transcripts of all entries of every character in the books were required to be forwarded quarterly by each Agent to the Commissioner of Indian Affairs. A penalty was provided for an agent knowingly making false entries or failing to keep perfect entries in the books. It is urged by plaintiffs that by virtue of the congressional act it was the duty of the Osage Indian agent to prepare the roll and to keep records thereof at the reservation, and that in so doing he was acting pursuant to statutory requirement,

rather than under direction of the Secretary of the Interior. The contention is without merit, because the act involved is general and applies to all Indian agents. The general statute was subsequently superseded by the Osage Allotment Act, being Congressional Act of June 28, 1906, wherein provision was made for the adoption of a final roll of members of the Osage Tribe. The quarterly annuity roll kept and maintained by the Osage Indian agent prior to the adoption of the Osage Allotment Act was maintained pursuant to the earlier congressional act, but the final roll, which is sought to be enlarged to include the name of Bennie Strikeaxe in this action, was compiled pursuant to the Osage Allotment Act.

■ Plaintiffs refer to the case of United States v. La Motte, 10 Cir., 67 F.2d 788, as well as Taylor v. Tarien, 10 Cir., 51 F.2d 884, and Kenny v. Miles, 250 U.S. 58, 39 S.Ct. 417, 63 L.Ed. 841, in support of their contention that the Allotment Act made the tribal Roll as it existed on January 1, 1906, the authentic roll, and that Bennie Strikeaxe should have been placed thereon. The cited cases involved facts entirely different from those here presented, and such cases are without applicable force to the issues involved herein. As indicated above, plaintiffs seek to avoid the effect of the principle announced by the United States Supreme Court requiring the joining of superior officials as necessary parties defendant in actions similar to the one here presented. It is well settled that subordinate officials cannot be sued alone, such as the defendant in this case, the Indian agent, and, if the superior official, the Secretary of the Interior in the instant case, is not made a party defendant, the case must be dismissed. See Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068; Warner Valley Stock Co. v. Smith, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621; Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411. The final Osage Roll was prepared pursuant to the Osage Allotment Act, rather than the earlier statute prescribing duties of Indian agents, and, as the agent was acting under the Secretary of the Interior, the Secretary of the Interior is a necessary party defendant in the action.

■ The motion to dismiss should be sustained upon either of the two grounds urged. The Osage roll became final pursuant to the Osage Allotment Act of June 28, 1906. This court is without authority to alter, change, or amend the roll, or to com-

pel such alteration, change, or .amendment. Plaintiffs cannot do indirectly what they are incapable of doing directly, and the relief sought in this case would effect such a result. As the Secretary of the Interior is a necessary party to such an action, if a cause of action had been stated entitling plaintiffs to relief, but has not been joined in the case, the action must fail.

The motion to dismiss plaintiffs' bill will be sustained.