## UNITED STATES GRAPHITE CO. v. HARRIMAN, Secretary of Commerce.

### Civ. A. No. 36695.

District Court of the United States for the District of Columbia.

June 17, 1947.

J. Marvin Haynes, of Washington, D. C., for plaintiff.

John F. Sonnett, Asst. Atty. Gen., and Edward H. Hickey, Sp. Asst. to Atty. Gen., for defendant.

PINE, Justice.

Plaintiff is a manufacturer of a graphite product known as "graphitar." It is used particularly in the manufacture of marine and aircraft engines. In 1943 the demand for graphitar began to exceed the capacity of plaintiff's plant. Accordingly, plans were made for a factory addition and for the necessary machinery and equipment therein required. On June 27, 1943, plaintiff filed an application for a certificate of necessity under Section 124 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 124, in order that it might secure a deduction for amortization of the entire cost of the factory addition upon its Federal income and excess profit tax returns, and on October 28, 1943, a necessity certificate was issued therefor.

On May 29, 1944, plaintiff filed an application for a necessity certificate covering facilities (machinery, etc.) for use in the factory, which had then been constructed. Thereafter plaintiff received a communication dated July 17, 1944, and entitled "letter of predetermination," stating that these facilities were eligible for tax amortization on a 35% basis, provided the date of acquisition was subsequent to the date of such letter. On July 27, 1944, plaintiff filed an affidavit showing that a portion of such facilities had been acquired prior to the date of the letter of predetermination and that the balance had been acquired thereafter; whereupon there was issued to the plaintiff a necessity certificate for that part of the facilities listed as being received after the date of the letter of predetermination, up to 35% of their cost. Thereafter plaintiff demanded the issuance of a certificate which would include the entire cost of all the facilities, irrespective of the date

of acquisition. This being refused, plaintiff brought this action to compel its issuance.

Defendant first moved to dismiss the complaint, and subsequently moved for a summary judgment. The action is before me for decision on these motions.

The issuance of this certificate of necessity is authorized by Section 124 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 124. Designed to stimulate the investment of private capital in defense facilities, this statute authorized the amortization of their cost as a tax deduction over a period of five years or less.

Plaintiff contends that defendant's predecessor, the War Production Board,[1] had no legal right to issue a necessity certificate for only 35% of the cost of the facilities acquired after the date of the letter of predetermination, but, once having determined to issue a necessity certificate, was required to issue one for the entire cost of the facilities acquired, both before and after such date.

The applicable provisions of this statute are contained in Section 124(f) of the Internal Revenue Code, reading, so far as material, as follows: "(f) * * * In determining * * * the adjusted basis of an emergency facility—

"(1) There shall be included only so much of the amount otherwise constituting such adjusted basis as is properly attributable to such * * * acquisition after December 31, 1939, as either the Secretary of War or the Secretary of the Navy has certified as necessary in the interest of national defense during the emergency period, which certification shall be under such regulations as may be prescribed from time to time by the Secretary of War and the Secretary of the Navy, with the approval of the President. * * *

"(3) The certificate provided for in paragraph (1) shall have no effect unless an application therefor is filed before the expiration of six months after the beginning of such construction, reconstruction, erection, or installation or the date of such acquisition * * *."

The applicable provisions of the Regulations[2] prescribed under the above-quoted statute are as follows:

"(3) (c) (vi) Government and privately financed facilities. Necessity Certificates will be issued only where it is to the advantage of the government that the facilities in question be privately financed.

"(4) Application must be filed before construction is begun or date of acquisition. The construction, reconstruction, erection, installation or acquisition of a facility will not be deemed necessary within the terms of these regulations unless a determination of necessity is made by the certifying authority prior to the beginning of the construction, reconstruction, erection, installation or date of acquisition."

It will be noted that Section 4 of the Regulations, above quoted, provides that the acquisition of a facility will not be deemed necessary unless a determination of necessity is made prior to the date of acquisition. Defendant's action in limiting the certificate of necessity to the facilities acquired after the letter of predetermination appears to be authorized by this regulation, and plaintiff does not contend to the contrary. Instead, it places its reliance upon the claim that the regulation contravenes the statute. The question, therefore, is whether the six-month period may be shortened by regulation, the effect of which was to apply a brake on over-

---

[1] Defendant's immediate predecessor was the Temporary Controls Administrator, whose predecessors were, in the order named, Civilian Production Administrator and the War Production Board, the Chairman of which was vested with the functions of the Secretary of War and the Secretary of the Navy under Section 124 of the Internal Revenue Code. Executive Order No. 9841, 50 U.S.C.A. Appendix, § 601 note, April 23, 1947; Executive Order No. 9809, 50 U.S.C.A. Appendix, § 601 note, December 12, 1946; Executive Order No. 9638, 50 U.S.C.A. Appendix, § 601 note, October 4, 1945; Executive Order No. 9406, 50 U.S.C.A. Appendix, § 601 note, December 17, 1943.

[2] Regulations governing the issuance of necessity certificates under Section 124 (f) of the Internal Revenue Code prescribed by the Chairman of the War Production Board with the approval of the President, dated December 17, 1943. 8 F.R. 16964.

expansion of plant facilities, by requiring their necessity to be determined prior to acquisition in order to be eligible for tax amortization. As above set forth, the statute provides that the necessity certificate shall have no effect unless application therefor is filed before the expiration of six months after date of acquisition. But the statute also contemplates its implementation by regulation, and expressly provides that certification of necessity shall be under regulations prescribed from time to time by the executive officials. Under defendant's interpretation, the statute permits these officials, in the exercise of discretion, to shorten, by regulation, the time for filing applications for necessary certificates, but places an outside limit of six months on their effectiveness, beyond which executive discretion ceases. This construction would seem to be warranted, in view of the clear purpose of Congress to provide flexibility in administration to meet changing conditions and circumstances in the prosecution of the defense program; but in any event, defendant's construction being reasonable, it cannot be set aside by the courts in this proceeding.[3]

■■ In respect of the second contention of plaintiff, that the statute does not authorize defendant to limit the amortization deduction to 35% of the cost, it should be pointed out that the statute requires that there shall be included *only so much* of the amount as is properly attributable to acquisition after December 31, 1939, as either the Secretary of War or the Secretary of the Navy [later Chairman, War Production Board] has certified as necessary in the interest of national defense, which

certification shall be under such regulations as may be prescribed from time to time by the executive officials with the approval of the President. Among the regulations prescribed is Section (3) (c) (vi), supra, which provides that necessity certificates will be issued only where it is to the advantage of the government that the facilities be privately financed. Certification under this statute, as implemented by this regulation, clearly involved an exercise of discretion, which will not be set aside unless unreasonable, arbitrary or capricious.[4] Here the certification was made pursuant to an established policy of the War Production Board which, after December 17, 1943, was vested with the functions of the Secretary of War and the Secretary of the Navy, Executive Order No. 9406. This policy limited amortization to excess war cost (estimated at 35 %) in the case of facilities having presumptive postwar utility, which was found by the Board to be true of the facilities here involved. This would appear to be in furtherance of the legislative purpose to encourage capital investment in the defense effort which would not be available because of fear that such investment would have no postwar value, and at the same time maintain the amortization benefits under such control that they would not unduly injure the revenue. Thus there is no showing that the exercise of this discretion comes within the exception permitting courts to intervene. So far as its exercise involves interpretation of the statute in question, the statement made in the preceding paragraph is equally applicable to the point here under discussion.

[3] Adams v. Nagle, 303 U.S. 532, 542, 58 S.Ct. 687, 82 L.Ed. 999; Wilbur v. United States ex rel Kadrie, 281 U.S. 206, 219, 50 S.Ct. 320, 74 L.Ed. 809; Work v. United States ex rel Rives, 267 U.S. 175, 182, 183, 45 S.Ct. 252, 69 L. Ed. 561; United States ex rel Riverside Oil Co. v. Hitchcock, 190 U.S. 316, 323, 23 S.Ct. 698, 47 L.Ed. 1074; Thomas v. Vinson, 80 U.S.App.D.C. 346, 349, 153 F.2d 636; Red Canyon Sheep Co. v. Ickes, 69 App.D.C. 27, 41, 98 F.2d 308; United States ex rel Corbin v. Doyle, 68 App.D.C. 100, 104, 93 F.2d 646; United States ex rel White v. Coe, 68 App.D.C. 218, 220, 95 F.2d 347; Ickes v. Patti-

son, 65 App.D.C. 116, 119, 80 F.2d 708; Reichelderfer v. Johnson, 63 App.D.C. 334, 72 F.2d 552; Stockey v. Wilbur, 61 App.D.C. 117, 118, 58 F.2d 522.
[4] Wilbur v. United States ex rel Kadrie, supra; Work v. United States ex rel Rives, supra; United States ex rel Riverside Oil Co. v. Hitchcock, supra; Calf Leather Tanners Ass'n v. Morgenthau, 65 App.D.C. 93, 98, 99, 80 F.2d 536; United States ex rel Bowling v. Hines, 60 App.D.C. 180, 181, 50 F.2d 330; McCarl v. Rogers, 60 App.D.C. 111, 48 F. 2d 1023; McCarl v. Walters, 59 App. D.C. 237, 238, 38 F.2d 942.

Accordingly the motion for summary judgment will be granted. Counsel will present, on notice, judgment carrying this opinion into effect.