**UNITED STATES ex rel. KOHPAY v. CHAPMAN, Secretary of the Department of the Interior.**

**No. 10758.**

United States Court of Appeals District of Columbia Circuit

Decided July 19, 1951.

H. P. White, of the Bar of the Supreme Court of Oklahoma, Pawhuska, Okl., pro hac vice, by special leave of Court, and Neil Burkinshaw, Washington, D. C., for appellant. Daniel B. Maher and Dennis Collins, Washington, D. C., also entered appearances for appellant.

Ralph A. Barney, Atty., Department of Justice, Washington, D. C., with whom Asst. Atty. Gen. A. Devitt Vanech was on the brief, for appellee. George Morris Fay, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., also entered appearances for appellee.

Before CLARK, WILBUR K. MILLER and PROCTOR, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from a final judgment of the United States District Court for the District of Columbia which dismissed the appellant's complaint. The complaint is in the nature of mandamus seeking to compel the appellee, as Secretary of the Interior, to pay over to the appellant the sum of $393,551.73 with interest from the tribal funds of the Osage Indians.

For the purposes of this appeal it can be stated that there is no dispute on the facts. The appellant was born January 27, 1906; she is the illegitimate daughter of Harry Kohpay, an enrolled member of the Osage Tribe, and the sister of Kohpay's wife. The appellant was given the name Kohpay at birth and lived with and was brought up by Harry Kohpay and his legal wife. A probate court in Oklahoma found that Irene Kohpay was the illegitimate daughter of Harry Kohpay but further determined that "she is not a legal heir of said Harry Kohpay and does not inherit any portion of his estate."

Suffice it to say that Irene Kohpay's name is not and has not been on the approved roll of the members of the Osage Tribe. A thorough search of the records fails to disclose that any application for her enrollment had ever been presented to the appellee or his predecessors. On the contrary the appellant contends that it was the duty of the appellee to place her on the Osage tribal roll as required by the Osage Allotment Act of June 28, 1906, 34 Stat. 539, because of her birth in 1906 as the daughter of Harry Kohpay, an enrolled member of the tribe. The appellee argues that since the appellant was not enrolled she may not participate under existing law until she has been enrolled, and that the court is without jurisdiction to compel the appellee to make distribution to her because this is a matter of governmental policy.

Section 1 of the Osage Allotment Act provides in part: " * * * all children born between January first, nineteen hundred and six, and July first, nineteen hundred and seven, to persons whose names are on said roll on January first, nineteen hundred and six, and all children whose names are not now on said roll, but who were born

to members of the tribe whose names were on the said roll on January first, nineteen hundred and six * * * is hereby declared to be the roll of said tribe and to constitute the legal membership thereof * * *."

This same section then provides that names placed on the roll by fraud may be eliminated therefrom by the Secretary of Interior. The method of procedure is described and the section concludes: "* * * the said roll as above provided, after the revision and approval of the Secretary of Interior, as herein provided, shall constitute the approved roll of said tribe; and the action of the Secretary of the Interior in the revision of the roll as herein provided shall be final, and the provisions * * * granting persons of Indian blood who have been denied allotments the right to appeal to the courts, are hereby repealed as far as the same relate to the Osage Indians * * *."

This appeal presents the question of whether the appellant may compel the Secretary of the Interior to distribute tribal funds and property to her although her name is not on the approved rolls of the Osage Tribe. In other words is it necessary that one who claims to be an Osage Indian first have his or her name placed on the allotment roll before such a person can participate in the tribal funds?

We are of the opinion that the appellant must go through the prescribed procedure for having her name placed on the roll. To decide otherwise would be to deprive the Secretary of Interior of the duty imposed on him by the latter part of Section 1 to revise and approve the roll. Also the applicable parts of Sections 2, 4, and 5, which provide for the division of the Osage funds, provide either for distribution to the members "as shown by the roll of membership made up as herein provided" or to the members "according to the roll herein provided for." Thus the Act itself requires that this formality be taken. The actual presence of the name on the roll was intended so that the Secretary of Interior could determine not only how much each tribal member was entitled to receive pro rata but how much each would receive from future income.

If the decisions of this Court in Ickes v. Pattison, 1935, 65 App.D.C. 116, 80 F.2d 708, 711, and United States ex rel. Jump v. Ickes, 1940, 73 App.D.C. 141, 117 F.2d 769, 772, are considered it is not difficult to understand the reasons for our decision here. In both of these cases an attempt was made to compel the Secretary of Interior in a mandamus proceeding to place the name of an Osage Indian on the allotment roll. In the Pattison case our court held that mandamus was not the proper remedy as "Mandamus cannot be invoked to control the judgment and discretion of the Secretary in arriving at his decision." The court further concluded that, independent of the fact that a mere mistake of judgment was relied on, the repeal of the right granting the Osage Indians the right to appeal to the courts completely concludes the jurisdiction of the court in this case.

Judge Groner delivered the opinion of this court in the Jump case and there the court concluded that Congress did repeal the provision of the Act of 1894, 28 Stat. 305, 25 U.S.C.A. § 345, which conferred a special jurisdiction on the federal courts to hear and determine suits arising involving the right of any Indian to an allotment of land under any law or treaty of the United States. But Judge Groner pointed out this merely left the law as it had previously been, and consequently this court had jurisdiction to grant "the remedial writ of mandamus on the ground that the Secretary's action was arbitrary." To this extent the Pattison case has been overruled, but in both of these cases it is apparent that the proper procedure for parties whose names are not on the roll of the tribe is to apply to the Secretary of Interior in order that all discretionary matters may be disposed of by him. Then under the Jump case if the appellant considers the action of the Secretary arbitrary or capricious, he may apply to the federal courts for relief. The relief which the appellant requests here flows as a natural consequence of having her name on the roll, but we cannot grant the requested relief in a mandamus suit which itself by-passes the steps which must be taken.

In view of our decision here, we consider it unnecessary to determine whether or not the United States is an indispensable party to this action.

Affirmed