**The OHIO POWER COMPANY**

v.

**The UNITED STATES.**

No. 218–54.

United States Court of Claims.

March 1, 1955.

---

J. Marvin Haynes, Washington, D. C., for plaintiff. Miller, Haynes, Tyree & Sheppard, Washington, D. C., were on the brief.

Homer R. Miller, Washington, D. C., with whom was Asst. Atty. Gen. H. Brian Holland, for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff sues to recover $5,885,-388.22 which it claims it overpaid in income and excess profits taxes for the years 1943, 1944 and 1945.

The plaintiff is an Ohio corporation which as a public utility manufactures and sells electrical energy. During World War II the demand upon it for additional service made it necessary for it to expand its facilities. Pursuant to Section 124 of the Internal Revenue Code, 26 U.S.C.A. § 124, it filed with the Secretary of War, who was then the proper certifying authority, an application for a Necessity Certificate with respect to the construction of a new plant, and a transmission line from the new plant to one of its substations 55 miles away. The plaintiff claimed a cost of $11,246,-256.54 for purposes of amortization.

The authority to grant Necessity Certificates was, in December 1943, transferred to the Chairman of the War Production Board, and in October 1945, was again transferred to the Administrator of the Civilian Production Administration. In November 1944, a Necessity Certificate was issued, addressed to the Commissioner of Internal Revenue, and relating to the plaintiff's new construction. It certified that the facilities were necessary in the interest of national defense during the emergency period, up to 35 percent of the cost attributable to the construction thereof. Because of the 35 percent limitation in the Certificate, the Commissioner of Internal Revenue permitted the rapid amortization of only 35 percent of the plaintiff's costs of construction, instead of 100 percent of those costs which, the plaintiff claims, he should have permitted.

In the case of Wickes Corporation v. United States, 108 F.Supp. 616, 123 Ct. Cl. 741, we had the same problem. We discussed at length the history and the policy of the statute permitting rapid amortization. We concluded that the attempted 35 percent limitation inserted in the Necessity Certificate in that case was invalid, as a contradiction of the statute.

What we said in that case is applicable to this one.

Defendant's motion for summary judgment is denied and plaintiff's motion is granted.

The plaintiff is entitled to recover, with interest as provided by law. Entry of judgment is suspended to await the filing by the parties of a stipulation showing the amount due.

It is so ordered.

LARAMORE, WHITAKER and LITTLETON, Judges, concur.

JONES, Chief Judge (dissenting).

I think the provisions of the Internal Revenue Code clearly authorized the executive officials to limit the amount of rapid amortization deduction.

Section 124(f) (1) of the Code is as follows:

"(f) Determination of adjusted basis of emergency facility.

"In determining, for the purposes of subsection (a) or subsection (h), the adjusted basis of an emergency facility—

"(1) There shall be included only so much of the amount otherwise constituting such adjusted basis as is properly attributable to such construction, reconstruction, erection, installation, or acquisition after December 31, 1939, as either the Secretary of War or the Secretary of the Navy has certified as necessary in the interest of national defense during the emergency period, which certification shall be under such regulations as may be prescribed from time to time by the Secretary of War and the Secretary of the Navy, with the approval of the President." [26 U.S.C. 124, 1952 Ed.]

Section 124(f) (3) (C) of the Code provides specifically that no amortization deduction shall be allowed in respect of any emergency facility for any taxable year "unless a certificate in respect thereof under paragraph (1) shall have been made * * *."

Since the statute clearly authorizes the limitation, and the certificate actually limits the amortization to the 35 percent and that amount has been allowed, I would dismiss the petition. United States Graphite Co. v. Harriman, D.C., 71 F.Supp. 944; United States Graphite Co. v. Sawyer, 84 U.S.App.D.C. 336, 176 F.2d 868, certiorari denied 339 U.S. 904, 70 S.Ct. 518, 94 L.Ed. 1333.