## WEBSTER *v.* FALL, SECRETARY OF THE INTERIOR, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF OKLAHOMA

No. 149. Argued December 11, 1924. Decided January 5, 1925.

1. A suit lacking a necessary party defendant should be dismissed on that ground without deciding the merits. P. 510.

2. Under the Act of March 3, 1921, § 4, c. 120, 41 Stat. 1249, the power and responsibility in respect of the making of payments to incompetent Osage Indians are with the Secretary of the Interior, and neither the Superintendent of the Agency nor a disbursing agent has any primary authority in the matter. P. 510.

3. Therefore the Secretary is a necessary party to a suit by a member of the Osage Tribe to compel payments and attacking as unconstitutional a statute and orders and regulations of the Secretary under which payment was withheld. *Id. Gnerich* v. *Rutter*, 265 U. S. 388.

4. Questions which lurk in the record, neither ruled upon nor brought to the attention of the Court, are not to be considered as having been so decided as to constitute precedents. P. 511.

Reversed.

APPEAL from a decree of the District Court, dismissing, for want of equity, a bill for a mandatory injunction to compel payments of money to the plaintiff, an incompetent Osage Indian.

*Mr. Preston A. Shinn* for appellant.

In support of his contention that the Secretary of the Interior was not a necessary party, he cited: *School of Magnetic Healing* v. *McAnnulty*, 187 U. S. 94; *Riverside Oil Co.* v. *Hitchcock*, 190 U. S. 316; *Public Clearing House* v. *Coyne*, 194 U. S. 497, 505; *Hill* v. *Wallace*, 259 U. S. 44; *Chicago Board of Trade v. Olsen*, 262 U. S. 1; *Regal Drug Co.* v. *Wardell*, 260 U. S. 386; *Waite* v. *Macy*, 246 U. S. 606; *Lipke* v. *Lederer*, 259 U. S. 557; *Corneli* v. *Moore*, 257 U. S. 491; *Ng Fung Ho* v. *White*, 259 U. S. 277; *National Life Ins. Co. of U. S.* v. *National Life Ins. Co.*, 209 U. S. 317; *Lewis Pub. Co.* v. *Morgan*, 229 U. S. 288; *Eastman* v. *Armstrong Co.*, 212 Fed. 662; *United States* v. *Lee*, 106 U. S. 196; *Swigart* v. *Baker*, 229 U. S. 187. *Gnerich* v. *Rutter*, 265 U. S. 388, distinguished.

*Mr. Solicitor General Beck, Mr. Assistant Attorney General Wells* and *Mr. H. L. Underwood,* Special Assistant to the Attorney General, appeared for appellees.

Mr. Justice Sutherland delivered the opinion of the Court.

Appellant, an adult member of the Osage Tribe of Indians and without a certificate of competency, brought this suit against the Secretary of the Interior, Wright, the Superintendent of the Osage Agency, and Wise, a Special Disbursing Agent charged with the duty of paying and disbursing funds and moneys due individual Osage Indians, to secure a mandatory injunction commanding and requiring that moneys and funds due appellant under the Act of March 3, 1921, § 4, c. 120, 41 Stat. 1249, 1250, be assigned and paid over to him, alleging that the same were being unlawfully withheld. The act requires the Secretary to cause to be paid to each adult member of the Osage Tribe not having a certificate of competency one thousand dollars quarterly, etc., payments to be made under the supervision of the Superintendent of the Osage Agency. But § 2087, Rev. Stats., provides: "No annuities, or moneys, or goods, shall be paid or distributed to Indians while they are under the influence of any description of intoxicating liquor, or while there are good and sufficient reasons leading the officers or agents, whose duty it may be to make such payments or distribution, to believe that there is any species of intoxicating liquor within convenient reach of the Indians, etc." In virtue of this provision payments to appellant were refused. This refusal is attacked by the bill of complaint upon the ground that § 2087 and all orders, rules, or regulations issued thereunder by the Secretary of the Interior, in so far as appellant is concerned, are unconstitutional. The facts upon which it was determined that appellant came within the statutory prohibition are not in question.

There has been no service upon the Secretary and he has not appeared in the suit. The other defendants were served, the case went to trial, and the bill after a hear-

ing was dismissed for want of equity and on the merits. But the suit was one which required the presence of the Secretary, and the bill should have been dismissed for want of a necessary party. *Gnerich* v. *Rutter,* 265 U. S. 388; *Warner Valley Stock Co.* v. *Smith,* 165 U. S. 28, 34. The statutory direction to cause quarterly payments to be made (subject to § 2087) is addressed to the Secretary. The power and responsibility are his. Neither Wright nor Wise has any primary authority in the matter. They can act only under, and in virtue of, the Secretary's general or special direction. In the absence of it no payments or disbursements properly can be made. Authority in the Superintendent to supervise such payments is not authority to cause them to be made. The statement of this Court in the *Gnerich Case* (p. 391) is pertinent here: " They act under his direction and perform such acts only as he commits to them by the regulations. They are responsible to him and must abide by his direction. What they do is as if done by him. He is the public's real representative in the matter, and, if the injunction were granted, his are the hands which would be tied." In the *Smith Case,* suit was brought against the Secretary of the Interior and the Commissioner of the General Land Office to enjoin them from exercising further jurisdiction with respect to the disposition of certain public lands; from further trespassing upon complainant's right of quiet possession; and to command the issue of patents to plaintiff. The suit abated as to the Secretary because of his resignation, and it was held that it could not be continued against the Commissioner alone. We quote from the opinion (pp. 34–35): " The purpose of the bill was to control the action of the Secretary of the Interior; the principal relief sought was against him; and the relief asked against the Commissioner of the General Land Office was only incidental, and by way of restraining him from executing the orders of his official head. To main-

tain such a bill against the subordinate officer alone, without joining his superior, whose acts are alleged to have been unlawful, would be contrary to settled rules of equity pleading."

Counsel for appellant directs our attention to other cases, where this Court proceeded to determine the merits notwithstanding the suits were brought against inferior or subordinate officials without joining the superior. We do not stop to inquire whether all or any of them can be differentiated from the case now under consideration, since in none of them was the point here at issue suggested or decided. The most that can be said is that the point was in the cases if anyone had seen fit to raise it. Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents. See *New* v. *Oklahoma,* 195 U. S. 252, 256; *Tefft, Weller & Co.* v. *Munsuri,* 222 U. S. 114, 119; *United States* v. *More,* 3 Cr. 159, 172; *The Edward,* 1 Wheat. 261, 275–276. In any event, this case falls within the principles definitely established by the *Gnerich* and *Smith Cases.*

> *Decree reversed with directions to dismiss the bill for want of a necessary party.*