**BARR et al. v. RHODES, Captain, Corps of Engineers.**

No. 172.

District Court, W. D. Kentucky.

Oct. 12, 1940.

Morton C. Embree and Gerald E. Hall, both of Princeton, Ind., for plaintiffs.

Eli H. Brown, III, U. S. Dist. Atty., of Louisville, Ky., for defendant.

MILLER, District Judge.

This matter is before the court on defendant's motion to dismiss the complaint.

The plaintiffs who are landowners in Indiana brought this action against the defendant, who is the District Engineer. in charge of the United States Engineer's

office at Louisville, Kentucky, to enjoin him from letting a contract for the construction of a levee in Daviess County, Indiana, in accordance with plans and specifications prepared by the office of which the defendant is in charge. The construction of the levee is pursuant to the provisions of the federal Flood Control Act of 1936, 33 U.S.C.A. § 701a et seq. The complaint alleges that the plans and specifications under which the contract will be let are materially different from the preliminary plans, which were the basis for the report of the levee commissioners in the Daviess Circuit Court of Indiana where the plaintiffs had an opportunity to show the amount of damage which would be suffered by them respectively by reason of the construction of the levee project. The plaintiffs contend that the defendant has no right to let the contracts upon the basis of the revised plan and that if the Flood Control Act should be so construed it is unconstitutional in that it deprives them of their property without due process of law by denying them their chance to be heard with respect to the damage which will be suffered by construction of levee according to the revised plans.

The defendant has moved to dismiss the complaint. This motion is based on several grounds which will be discussed in turn.

■■ The defendant contends that the petition fails to show that the jurisdictional amount of $3,000 is involved as to any one plaintiff and the suit must therefore be dismissed as to all plaintiffs. The complaint makes this allegation: "The matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000.00." There is no allegation that the amount involved as to any one or more plaintiffs individually exceeds the jurisdictional amount of $3,-000. The general rule is stated as follows in Clark v. Paul Gray, Inc., 306 U.S. 583 at page 589, 59 S.Ct. 744, at page 748, 83 L.Ed. 1001. "It is a familiar rule that when several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and that those amounts cannot be added together to satisfy jurisdictional requirements. Wheless. v. St. Louis, 180 U.S. 379, 21 S.Ct. 402, 45 L.Ed. 583; Rogers v. Hennepin County, 239 U.S. 621, 36 S.Ct. 217, 60 L.Ed. 469; Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Scott v. Frazier, 253 U.S. 243, 40 S.Ct. 503, 64 L.Ed. 883". Defendant relies upon the case of Gibbs v. Buck, 307 U.S. 66 at pages 72, 74, 59 S.Ct. 725, at page 730, 83 L.Ed. 1111, as holding that the general jurisdictional allegation, as contained in the present complaint, is sufficient. But that suit was a class suit in which the plaintiffs had "a common and undivided interest in the matter in controversy." The interests of the plaintiffs in the present suit are separate and distinct demands. The court holds that the general allegation contained in the complaint is not sufficient to confer jurisdiction upon the District Court. The action will be dismissed on this ground as to all plaintiffs who can not allege and show that the matter in controversy as to each one individually exceeds the jurisdictional amount of $3,000.

■ The defendant contends that the action is one in effect against the United States and that the United States can not be sued except with its consent, which consent has not been given in this matter. It is of course settled as a general proposition that the United States can not be sued without its consent. But it is also well settled that in many instances officers of the United States can be sued without it being construed as a suit against the Government. It depends upon the facts in each case as to whether or not a suit against an officer of the United States is essentially a suit against the United States. The following cases are examples of where suits against federal officials were dismissed because they were essentially suits against the United States: Wells v. Roper, 246 U.S. 335, 38 S.Ct. 317, 62 L.Ed. 755; Morrison v. Work, 266 U.S. 481, 45 S.Ct. 149, 69 L.Ed. 394; Transcontinental & Western Air v. Farley, 2 Cir., 71 F.2d 288; Louisiana v. McAdoo, 234 U.S. 627, 34 S.Ct. 938, 58 L.Ed. 1506. Examples of where suits against federal officials have been permitted are the cases of Philadelphia Co. v. Stimson, 223 U.S. 5, 32 S.Ct. 340, 56 L.Ed. 570; American School of Magnetic Healing v. McAnnulty 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90; Noble v. Union River Logging R. R. Co., 147 U.S. 165, 13 S.Ct. 271, 37 L.Ed. 123; Goltra v. Weeks, 271 U.S. 536, 46 S.Ct. 613, 70 L.Ed. 1074. The opinion in Morrison v. Work, supra, recognizes the right to grant relief by injunction against the

head of an executive department or other officer of the government when the official act complained of was not within the authority conferred or was an improper exercise of such authority, or when Congress lacked the power to confer the authority exercised. The distinction between the two classes of cases was pointed out by the Court in Philadelphia Co. v. Stimson, supra [223 U.S. 605, 32 S.Ct. 345, 56 L.Ed. 570] as follows: "Where the officer is proceeding under an unconstitutional act, its invalidity suffices to show that he is without authority, and it is this absence of lawful power and his abuse of authority in imposing or enforcing, in the name of the state, unwarrantable exactions or restrictions, to the irreparable loss of the complainant, which is the basis of the decree. Ex parte Young, 209 U.S. [123] page 159, 28 S.Ct. 441, 52 L.Ed. [714] 728, 13 L.R.A.(N.S.) 932, 14 Ann.Cas. 764. And a similar injury may be inflicted, and there may exist ground for equitable relief, when an officer, insisting that he has the·warrant of the statute, is transcending its bounds, and thus unlawfully assuming to exercise the power of government against the individual owner, is guilty of an invasion of private property."

The rule seems to be that the courts will not interfere with matters entrusted by Congress to the discretion of the heads of executive departments of the Government, but that they will enjoin acts which are beyond the scope of statutory authority or jurisdiction of executive officers. As was said in Goltra v. Weeks, supra [271 U.S. 536, 46 S.Ct. 616, 70 L.Ed. 1074] "by reason of their illegality, their acts or threatened acts are personal and derive no official justification from their doing them in asserted agency for the government." In the present case the court is of the opinion that if the revised plans and specifications are substantially different from the ones on which the hearing was held in the State court the defendant is attempting to act beyond his statutory authority in letting contracts based upon the revised plans and specifications. Also, if the act should be construed as giving the defendant the right to let contracts on plans and specifications materially different from the ones considered in the State court Congress lacked the power to confer such authority. In either event the defendant is acting without authority and the acts complained of have no official justification. The action is accordingly one essentially against the defendant rather than against the Government. The motion to dismiss on this ground is not well taken. This of course leaves open the question of whether or not the revised plans and specifications are materially different from the ones considered in the State court proceeding.

The defendant also contends that the Secretary of War is an indispensable party and he is not subject to the jurisdiction of this court, because the defendant as Captain of United States Engineers at Louisville is merely carrying out the orders of the Secretary of War under the supervision of the Chief of United States Engineers. The act under which the present levee is being constructed provides "that hereafter, Federal investigations and improvements of rivers and other waterways for flood control and allied purposes shall be under the jurisdiction of and shall be prosecuted by the War Department under the direction of the Secretary of War and supervision of the Chief of Engineers, * * *." 33 U.S.C.A. § 701b. It therefore appears that the present defendant is a subordinate official to the Secretary of War and Chief of Engineers who are not parties to this suit. There appears to be some conflict in the authorities as to whether or not·a subordinate official may be enjoined from transgressing his authority without obtaining jurisdiction over and also joining in the same action his superior who is responsible for the action which the subordinate is taking. The Supreme Court held in the following cases that an injunction would not lie unless the superior official was joined in the suit: Warner Valley Stock Company v. Smith, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621; Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068; Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411. The rule as originally announced in Warner Valley Stock Co. v. Smith, supra, was departed from in a number of cases before it was re-established by the two cases of Gnerich v. Rutter, supra, and Webster v. Fall, supra. Later in Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927, the Supreme Court approved a suit against the subordinate alone without expressly overruling Gnerich v. Rutter and Webster v. Fall. This decision has left the matter in some confusion. It is discussed in the case of National Conference, Inc., et al.

v. Goldman, 2 Cir., 85 F.2d 66, where the court came to the conclusion that until the Supreme Court expressly overruled Gnerich v. Rutter, supra, and Webster v. Fall, supra, it was the better practice to refuse the injunction unless the superior official was joined in the suit. We agree with the reasons stated in that opinion and accordingly hold that the Secretary of War is an indispensable party to this action, and that the present action will not lie against the defendant without the Secretary of War being made a party defendant.

Defendant's motion to dismiss the complaint is sustained.