**ERNEST et al. v. FLEISSNER, Postmaster.**

**No. 478.**

District Court, E. D. Wisconsin.

April 15, 1941.

Ray E. Lane, of Chicago, Ill., for plaintiffs.

B. J. Husting, U. S. Dist. Atty., of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This is an action by E. A. Ernest, doing business as the Ernest Distributing Company, and by E. A. Ernest personally against the Postmaster of Milwaukee, Wisconsin, asking for an injunction restraining the postmaster from carrying out the terms of a fraud order issued by the Postmaster General under date of March 17, 1941.

The order of the Postmaster General was issued pursuant to the authority contained in 39 U.S.C.A. § 259 and § 732, Sections 3929 and 4041, R.S. It appears that the plaintiff Ernest for some time past has been conducting a business, under the name of Ernest Distributing Company, for the sale of certain light machines, one of them known as Chromaray-Focoray, and another as Trioray. These machines were held out to be valuable in the treatment of a long list of diseases.

The matter now before the court is on the motion of the plaintiffs for a temporary restraining order, and the motion of the defendant to dismiss the action because the Postmaster General was not made a party defendant.

We will consider the motion of the defendant to dismiss, as our determination of that question will make unnecessary the consideration of the plaintiffs' motion. The order of the Postmaster General was based upon a hearing held before the Solicitor of the Post Office Department at Washington. Various witnesses produced by the government gave their testimony and were cross-examined by the attorney for the plaintiffs herein. The order of the Postmaster General left no discretion to his subordinate, the Postmaster of Milwaukee. The acts of the Milwaukee Postmaster which plaintiffs seek to enjoin were ministerial acts only, necessary in carrying out the fraud order.

Under the authorities it seems to be well settled that this court would have no power to compel the appearance of the Postmaster General or any other executive officer of the government unless there is some specific authority which would make such executive officer amenable to jurisdiction outside of the District of Columbia. Rafelson v. Tugwell, 7 Cir., 79 F.2d 653; Rood v. Goodman, 5 Cir., 83 F.2d 28, certiorari denied 299 U.S. 551, 57 S.Ct. 13, 81 L. Ed. 405; Transcontinental & Western Air, Inc. v. Farley, 2 Cir., 71 F.2d 288, certiorari denied 293 U.S. 603, 55 S.Ct. 119, 79 L.Ed. 695; Jamestown Veneer & Plywood Corp. v. National Labor Relations Board, D.C. N.Y., 13 F.Supp. 405; Yarnell v. Hillsborough Packing Co., 5 Cir., 70 F.2d 435; compare Bradley Lbr. Co. v. National Labor Relations Board, 5 Cir., 84 F.2d 97. It follows that if the Postmaster General is an indispensable party, the complaint must be dismissed for lack of a necessary party defendant. Jewel Productions, Inc. v. Morgenthau, 2 Cir., 100 F.2d 390.

In the case of National Conference on Legalizing Lotteries v. Goldman, 2 Cir., 85 F.2d 66, the court in an able opinion by Judge Learned Hand reached the conclusion that the Postmaster General was an indispensable party in a fraud order suit such as this, and that the failure to join him as a party defendant would necessitate dismissal of the suit.

The decisions of the Supreme Court seem to be somewhat confusing and do not draw a clear line of demarcation. In the cases of Warner Valley Stock Co. v. Smith, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621; Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068; Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411, the court held that certain subordinate government officials could not be enjoined unless their superiors were joined in the suit; but in the case of Colorado v. Toll, 268 U.S.

228, 45 S.Ct. 505, 69 L.Ed. 927, suit was entertained against the subordinate alone. Likewise there were several suits where the Supreme Court considered fraud orders, in which the action was brought against the local postmaster alone. American School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 23 S.Ct. 33, 47 L.Ed. 90; Public Clearing House v. Coyne, 194 U.S. 497, 24 S.Ct. 789, 48 L.Ed. 1092; Leach v. Carlile, 258 U.S. 138, 42 S.Ct. 227, 66 L.Ed. 511. However, the Supreme Court in Webster v. Fall, supra, commented on that point (page 511 of 266 U.S., page 149 of 45 S. Ct., 69 L.Ed. 411):

"Counsel for appellant directs our attention to other cases, where this court proceeded to determine the merits notwithstanding the suits were brought against inferior or subordinate officials without joining the superior. We do not stop to inquire whether all or any of them can be differentiated from the case now under consideration, since in none of them was the point here at issue suggested or decided. The most that can be said is that the point was in the cases if anyone had seen fit to raise it. Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (Citing cases)

■ An analysis of the cases where the court apparently gave approval of the suit against the subordinate, and where the point was brought to the attention of the court, brings out the principle that where subordinates, charged with the enforcement of regulations or orders of their superiors, do so in an illegal manner, they may be enjoined without the superior who issued said regulations or orders being a party to the suit. It may be assumed that when such orders were issued, the superior intended that they were to be carried out lawfully and any deviation from such a course would be the sole act of the subordinate and could not be imputed to the superior. On the other hand, where the subordinate merely fulfills the ministerial function of carrying out the orders of a superior, such acts cannot be enjoined without the presence of the superior as a party to the suit. Such acts are in fact the acts of the superior, and the subordinate is without any discretion. Thus in Warner Valley Stock Co. v. Smith, 165 U. S. 28, 17 S.Ct. 225, 41 L.Ed. 621, plaintiffs sought to enjoin the Secretary of Interior and the Commissioner of the General Land Office from exercising allegedly unlawful power. The Secretary resigned his office and his successor could not be reached. The Supreme Court declared that the suit should be dismissed. The opinion stated (page 34 of 165 U.S., page 228 of 17 S. Ct.):

"The purpose of the bill was to control the action of the Secretary of the Interior. The principal relief sought was against him; and the relief asked against the Commissioner of the General Land Office was only incidental, and by way of restraining him from executing the orders of his official head. To maintain such a bill against the subordinate officer alone, without joining his superior, whose acts are alleged to have been unlawful, would be contrary to settled rules of equity pleading."

In Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068, the language quoted above was repeated with approval. That case involved the validity of certain regulations issued by the Commissioner of Internal Revenue under the National Prohibition Act, 27 U.S.C.A. § 1 et seq. In holding that the suit could not be maintained against the Prohibition Director of the District of California alone, without joining the Commissioner of Internal Revenue, the court said (page 391 of 265 U.S., page 533 of 44 S.Ct.):

"The act and the regulations make it plain that the prohibition commissioner and the prohibition director are mere agents and subordinates of the Commissioner of Internal Revenue. They act under his direction and perform such acts only as he commits to them by the regulations. They are responsible to him and must abide by his direction. What they do is as if done by him. He is the public's real representative in the matter, and, if the injunction were granted, his are the hands which would be tied. All this being so, he should have been made a party defendant—the principal one—and given opportunity to defend his direction and regulations."

Again, in Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411, the court reached a similar conclusion because the power and responsibility was principally that of the Secretary of the Interior, and his subordinates, against whom suit was brought, had no primary authority. As the court said (page 510 of 266 U.S., page 149 of 45 S. Ct.): "They can act only under, and in virtue of, the Secretary's general or special direction."

Following this doctrine, the court in Dami v. Canfield, D.C.N.Y., 5 F.2d 533, ordered the suit dismissed because the Commissioner of Internal Revenue was not joined as a party defendant, and it appeared that the latter's subordinates, the defendants, who issued the offending order, were mere agents acting without discretion under the orders of the Commissioner. Such was also the position of the court in Alcohol Warehouse Corp. v. Canfield, 2 Cir., 11 F.2d 214, and Chamberlain v. Lembeck, 3 Cir., 18 F.2d 408.

In Hawthorne v. Fisher, D.C.Texas, 33 F.Supp. 891, a three-judge case, the court stated that the rule was that if the enforcement of a regulation or order is vested exclusively in the superior, and the subordinate merely assists in its administration, it would be "inappropriate" to issue an injunction purporting to bind the superior who was not a party to the proceedings. Further illustrations of the rule may be found in United States v. Western Fruit Growers, Inc., D.C.Cal., 34 F.Supp. 794; Jump v. Ellis, D.C.Okl., 22 F.Supp. 380; Wheeler v. Farley, D.C.Cal., 7 F.Supp. 433; Barr v. Rhodes, D.C.Ky., 35 F.Supp. 223; Janes v. Lake Wales Citrus Growers Assn., 5 Cir., 110 F.2d 653; Moody v. Johnston, 9 Cir., 66 F.2d 999; Doran v. Charles D. Kaier Co., Inc., 3 Cir., 60 F.2d 259; Jewel Productions, Inc. v. Morgenthau, 2 Cir., 100 F.2d 390. See also, Moore v. Anderson, 9 Cir., 68 F.2d 191, and Ferris v. Wilbur, 4 Cir., 27 F.2d 262.

The statutes, 39 U.S.C.A. §§ 259 and 732, give to the Postmaster General alone the authority to issue fraud orders, and it is his discretion which must be exercised in every case. The evidence must be such as is satisfactory to him. The local postmaster has no discretion. Clearly this case falls within the rule announced in Warner Valley Stock Co. v. Smith, Gnerich v. Rutter, and Webster v. Fall, supra.

I am of the opinion that the Postmaster General is a necessary and indispensable party to this action. Under Rule 21, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, this court has the power to add any party to this suit at any stage of the action; but to make the Postmaster General a party defendant to this action would avail nothing. His official residence is the District of Columbia. No statutory authority has been enacted whereby this court could obtain jurisdiction over him. Wheeler v. Farley,

supra; First National Bank of Canton v. Williams, 252 U.S. 504, 40 S.Ct. 372, 64 L. Ed. 690; Schmertz Wire Glass Co. v. Western Glass Co., C.C., 178 F. 973; Redlands Foothill Groves v. Jacobs, 30 F.Supp. 995; Transcontinental & Western Air, Inc. v. Farley, supra.

The motion to dismiss will, therefore, be granted without prejudice to plaintiffs to commence a similar action against the Postmaster General in the District of Columbia.