## WISCONSIN DISTRIBUTOR GROUP, Petitioner,

v.

## FEDERAL ENERGY REGULATORY COMMISSION, Respondent.

### No. 92–1588.

United States Court of Appeals, District of Columbia Circuit.

April 1, 1994.

Before EDWARDS, BUCKLEY, and GINSBURG, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

## ON PETITION FOR REHEARING

GINSBURG, Circuit Judge:

The court summarily denied this petition for review on January 25, 1994 on the basis of our recent decision in *Elizabethtown Gas Co. v. FERC*, 10 F.3d 866 (D.C.Cir.1993). The petitioner now seeks rehearing, arguing that "the question in *Elizabethtown* was which customers could be lawfully allocated certain costs, whereas the question in this case is whether any above-market Dakota costs are lawful for ANR to pass on at all."

The petitioners in *Elizabethtown* argued that the Commission in that case had made an impermissible "departure from the princi-

ple that customers should pay rates based only upon the costs they cause the pipeline to incur." In our decision, we noted that we had held in *K N Energy, Inc. v. Federal Energy Regulatory Commission*, 968 F.2d 1295, 1300–02 (D.C.Cir.1992), that "cost-spreading and value-of-service considerations could justify a volumetric surcharge that could not be justified as a matter of [cost] causation." *Elizabethtown*, 10 F.3d at 873–74. We thus held that the "surcharge in the present case is lawful," saying that:

> As the Commission noted, had the Great Plains plant succeeded in increasing the supply of natural gas, it would have contributed also to reducing the price of natural gas, to the benefit of all natural gas customers.... [The pipeline's] customers would have benefited because they are by definition purchasers of natural gas—whether from [this pipeline] or from another supplier. Accordingly, we uphold as reasonable the volumetric surcharge included in the Restructuring Settlement.

*Id.* at 874. It is therefore abundantly clear that our holding in *Elizabethtown* was not directed to the question which customers must bear the disputed costs; rather, we held that the Commission may permit a pipeline company that is obligated to purchase gas from the Dakota gassification project at above-market prices to pass that cost on to its customers. Contrary to the claim of the present petitioner (quoting *Webster v. Fall*, 266 U.S. 507, 511, 45 S.Ct. 148, 149, 69 L.Ed. 411 (1925)), that question did not " 'merely lurk in the record, neither brought to the attention of the court nor ruled upon.' "

Petitioner concedes that the sole issue in this case is whether the Commission is empowered to "authoriz[e] ANR ... to recover from its customers, *in any form*, the above-market costs associated with ANR's contract to purchase synthetic coal gas from Dakota" (emphasis in original). *Elizabethtown* clearly resolves this precise question in favor of the Commission and is therefore controlling precedent in the present case. The petition for rehearing is therefore

*Denied.*