RADER, Circuit Judge,
dissenting.
The court today goes too far in its reliance on Admiral Financial Corp. v. United States, 378 F.3d 1336 (Fed.Cir.2004); it relies on silence for authority and fails to consider the importance of the integration clause in this case, which was not present in Admiral. Because the contract between the Government and Franklin did not shift the risk of regulatory changes to Franklin, and because Admiral does not compel otherwise, I respectfully dissent.
In Admiral, although not necessary for its affirmance of the United States Court of Federal Claims, the court entertained the Government’s alternative ground for affirmance, i.e., that article VT(D) of the contract between Admiral and the Government (“the successor regulations clause”) shifted the risk of future regulatory changes to Admiral. Admiral, 378 F.3d at 1339. Admiral does not discuss the Forbearance Letter, or any integration clause in the Dividend Agreement that might have incorporated language from the Forbearance Letter into the Dividend Agreement. In fact, Admiral is silent on the very issue for which the court today finds it dispositive, i.e., whether language in the Forbearance Letter issued to Franklin was sufficient, by virtue of an integration clause in the Dividend Agreement, to prevent the successor regulations clause from shifting the risk of regulatory changes to Franklin. The court summarizes Franklin’s argument: “The gist of Franklin’s argument here is that Admiral overlooked an argument that would have disposed of the issue of liability in favor of the thrift. Franklin thus candidly asserts that Admiral was wrongly decided .... ” To the contrary, a different decision on the risk-shifting issue in Admiral would not have affected the outcome of that case. In Admiral the Court of Federal Claims found that the Government breached its agreement with Admiral, but that Admiral sustained no damages. Id. This court affirmed, agreeing that Admiral had sustained no damages, but further holding that the successor regulations clause of the Dividend Agreement shifted the risk of future regulatory changes to Admiral. Id. at 1345. The court today places too much emphasis on Admiral’s silence.
An opinion of this court is precedent only for those issues it discusses. See, e.g., Nat’l Cable Television Assoc., Inc. v. Am. Cinema Editors, Inc., 937 F.2d 1572, 1580 (Fed.Cir.1991) (“When an issue is not argued or is ignored in a decision, such decision is not precedent to be followed in a subsequent case in which the issue arises.”) (citing Webster v. Fall, 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925)); Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co., 272 F.3d 1365, 1378 (Fed.Cir.2001) (Dyk, J., concurring-in-part and dissenting-in-part) (‘"We have recognized that a decision applying a particular rule is not binding precedent if the issue was not discussed by the court.”) (citing Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1346 (Fed.Cir.2001)). Thus, the court’s observation that the Admiral record included a Forbearance Letter does not resolve this case because Admiral does not discuss the effect of that letter on the overall agreement. Moreover, while the Forbearance Letter in the Admiral record is essentially the same as that in this case, the Admiral Dividend Agreement lacked an integration clause like the one in the Dividend Agreement between Franklin and the Government. Compare Joint Appendix at A400034-041, Admiral, (No. 03-5168), *846 with Joint Appendix, Vol. II, at A200475. That distinction is significant.
The Court of Federal Claims found that “[t]he Approval Letter and the Forbearance Letter were both written understandings between the parties within the meaning of Sec. VIII.K [i.e., the integration clause] of the Dividend Agreement, and therefore integrated into the contract.” Franklin I, 53 Fed.Cl. at 707. The court today apparently disagrees: “[W]hile the Dividend Agreement created a contract between Franklin and the government, contrary to the decision of the Court of Federal Claims, the integration clause of the Dividend Agreement did not incorporate the Approval and Forbearance Letters into the Dividend Agreement.” Nevertheless, the court goes on to explain: “[W]e agree that the Dividend Agreement created a goodwill contract that obligated the government to comply with the Forbearance Letter’s authorization [regarding intangible assets].” The court’s reasoning supporting that logical about-face is nothing short of baffling. Despite its purported reliance on “basic contract law,” the court today distorts that “basic” law.
The integration clause in the Dividend Agreement states:
This Agreement, together with any understanding agreed to in writing by the parties, constitutes the entire agreement between the parties and supersedes all prior agreements and understandings of the parties in connection with the subject matter hereof.
Joint Appendix at A200475. The Dividend Agreement does not mention any regulatory forbearance. Instead, the Bank Board adopted that forbearance in the earlier Forbearance Letter. Joint Appendix at A200445. Thus, the Dividend Agreement either integrates the Forbearance Letter, or supersedes it, by virtue of the integration clause. If the Forbearance Letter was integrated, as the Court of Federal Claims concluded, then all of its language was integrated, including the sentence upon which Franklin relies when arguing that the regulatory forbearance applies to future regulations. On the other hand, if the Forbearance Letter was not integrated, then the contract between the Government and Franklin does not include any regulatory forbearance at all because the Dividend Agreement mentions none. Somehow the court today concludes that part of the Forbearance Letter became part of the contract, while another part of that same letter did not.
In my view this case is closer to Hometown Financial, Inc. v. United States, 409 F.3d 1360 (Fed.Cir.2005), than to Admiral. As in Hometown, the contract in this case contained additional language, not considered in Admiral, that required the regulatory forbearance to apply to future regulations. Specifically, the Forbearance Letter refers to “the regulatory requirements waived in accordance with paragraph 1 and the statutory provisions authorizing imposition of the waived requirement.” Joint Appendix, at A200445. For the reasons discussed above, that language is a part of the overall contract between Franklin and the Government. Because that contract clearly establishes the parties’ intent, i.e., that references to regulations include successor regulations, the Government’s promised forbearance of regulatory capital requirements applies to successor requirements. The court seems to dismiss this construction of the contract, at least in part, because the Dividend Agreement refers to “regulations” while the Forbearance Letter refers to “regulatory requirements.” That is a distinction without a difference that simply cannot carry the weight placed on it by this court. Thus, because I also agree with the Court of Federal Claims’ reasoning that the Seven Shareholders had *847 standing to sue the Government, I would affirm.
Aside from the particular contract analysis vagaries in today’s opinion, this court’s Winstar jurisprudence in general is more confusing with every opinion. Admittedly, this court’s task is not an easy one. It must decide the appeals before it on some basis, and unfortunately, that basis is frequently the slight variations in the wording of the various documents in each Wins-tar case. But as a result, this court’s opinions are putting tremendous weight and emphasis on terms and distinctions among those terms that, in my view, were not on the “radar” of the drafters. As a result, it is now impossible to draw a straight line connecting the reasoning of this court’s Winstar opinions. Today’s analysis is a perfect example of that problem. Admiral decided an issue that, by its own admission, was unnecessary to resolve the appeal. Perhaps because of the noncritical nature of that issue, Admiral did not consider arguments that either may have been made, or could have been made. The court is now left to deal with the difficult task of divining meaning from that opinion.
Nearly a decade has passed since the Supreme Court issued its Winstar decision. In that time, the issues have only become murkier and the decisions less predictable. Our jurisprudence is not well served when, after so many years of litigation, so many appellate decisions, and so much evidence of the parties’ intent at the time these thrifts were failing, our decisions rest on a distinction between “regulations” and “regulatory requirements.”