GORSUCH, Circuit Judge,
concurring.
I am pleased to concur in the court’s opinion. I write to note only two minor points.
First, under § 706 of the APA, an agency’s NEPA analysis of course may not be arbitrary or capricious. As the majority notes, this court has previously held that one way an agency can fail § 706’s test is if the agency “predecides” the outcome of a NEPA analysis irreversibly and irretrievably. See Maj. Op. at 714. In assessing Forest Guardians’ predetermination claim today, the court looks beyond the four corners of the Fish and Wildlife Service’s environmental assessment (“EA”) document to other evidence in the administrative record. In doing so, however, the court does not endorse the practice of looking outside the administrative record itself, at least absent “extremely limited circumstances,” such as where a party first makes a predicate “ ‘strong showing of bad faith or improper behavior.’” Citizens for Alternatives to Radioactive Dumping v. U.S. Dep’t of Energy, 485 F.3d 1091, 1096 (10th Cir.2007) (quoting Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), overruled on other grounds by Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)) (other internal quotation marks omitted).
Second, one of our sister circuits seems to have suggested that our review in cases like this one should be restricted further still, to the EA itself, and not take account even of other materials in the administrative record. See Nat’l Audubon Soc’y v. Dep’t of the Navy, 422 F.3d 174, 198-99 (4th Cir.2005). The majority suggests that we have previously rejected this approach in Davis v. Mineta, 302 F.3d 1104 (10th Cir.2002), and Lee v. U.S. Air Force, 354 F.3d 1229 (10th Cir.2004). See Maj. Op. at 716-17. As it happens, though, Davis and Lee did not analyze or resolve the question; in both cases, the parties and this court simply proceeded on the premise that no legal impediment stood in the way of examining the full administrative record when deciding a predetermination claim. In these circumstances, the legal question *720 posed by National Audubon remains an open one in this circuit. See United States v. Romero, 491 F.3d 1173, 1177 (10th Cir.2007) (“Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.”) (quoting Webster v. Fall, 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925)); cf. Brecht v. Abrahamson, 507 U.S. 619, 631, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (“[S]ince we have never squarely addressed the issue, and have at most assumed the applicability of the Chapman standard on habeas, we are free to address the issue on the merits.”). Neither is the resolution of the question essential to our decision today. This is because, as the majority amply explains, Forest Guardians’ claim in this case fails regardless whether we restrict our analysis to the objective adequacy of the Fish and Wildlife Service’s EA (as the Service and National Audubon would have it) or consider other administrative record materials beyond the EA itself (as Forest Guardians prefers). See Maj. Op. at 717-19.