Oscar Alexander Granados
GAITAN, Petitioner

v.

Eric H. HOLDER, Jr., Attorney
General of the United States,
Respondent.

No. 10–1724.

United States Court of Appeals,
Eighth Circuit.

June 7, 2012.

Lori Ann Alvino McGill, Katherine Twomey, Latham & Watkins, Washington, DC, Benjamin Richard Casper, Law Office of Benjamin Casper, West St. Paul, MN, Rebecca Noreen Desnoyers, David L. Wilson, Wilson Law Group, Minneapolis, MN, for Petitioner.

Scott Baniecke, U.S. Immigration & Naturalization Service, Bloomington, MN, Karen Yolanda Drummond, Richard M. Evans, Assistant Director, Carol Federighi, Senior Litigation Counsel, James Arthur Hunolt, Senior Litigation Counsel, Christina Bechak Parascandola, Trial Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

COLLOTON, Circuit Judge, concurring in denial of rehearing en banc.

I believe the panel opinion and dissent, *Gaitan v. Holder*, 671 F.3d 678 (8th Cir. 2012), erred in refusing to decide whether the Board of Immigration Appeals in *Matter of S–E–G–*, 24 I & N. Dec. 579, 582 (BIA 2008), validly declared "social visibility" and "particularity" to be "requirements" of a "particular social group" for purposes of 8 U.S.C. § 1101(a)(42)(A). As the petition for rehearing details, the argument advanced by the petitioner in this case was not raised in either *Constanza v. Holder*, 647 F.3d 749 (8th Cir.2011), or *Ortiz–Puentes v. Holder*, 662 F.3d 481 (8th Cir.2011). Even the government, while urging denial of rehearing, acknowledges that this court "was not confronted with a direct challenge to the adoption of those considerations as 'requirements' in the prior cases." Opp'n to Pet. for Panel Reh'g or Reh'g En Banc at 8–9. The prior panel decisions are thus comparable to *Zelaya v. Holder*, 668 F.3d 159 (4th Cir.2012), where the alien petitioner did "not challenge *Matter of S–E–G–* as wrongly decided," but rather argued that his proposed social group was distinguishable from the proposed group rejected in *Matter of S–E–G–*. *Id.* at 165. As such, the Fourth Circuit had no occasion to decide whether *Matter of S–E–G–* passed muster under the arbitrary or capricious standard of the Administrative Procedure Act or was a permissible interpretation of the Immigration and Nationality Act. *Id.* at 165 n. 4. So too with our prior panel decisions. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37–38, 73 S.Ct. 67, 97 L.Ed. 54 (1952) (stating that a prior decision's implicit resolution of an issue that was not "raised in briefs or argument nor discussed in the opinion of the Court" is "not a binding precedent"); *Webster v. Fall*, 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."); *Streu v. Dormire*, 557 F.3d 960, 964 (8th Cir.2009) ("[W]e are generally not bound by a prior panel's implicit resolution of an issue that was neither raised by the parties nor discussed by the panel.").

The panel, however, has denied rehearing, so the full court must decide whether to address the validity of *Matter of S–E–G*

in the first instance in an en banc proceeding. Reserving judgment on the merits, I vote to deny rehearing en banc for four principal reasons. First, while the panel overstated the precedential effect of our circuit precedents, the decision does not expressly hold that panel opinions must be considered binding on points that are not actually litigated. The threat to uniformity of this court's decisions is thus not sufficiently great to warrant rehearing en banc on that basis alone. Second, it appears that a conflict in the circuits regarding the validity of *Matter of S-E-G-* will exist no matter how this court decides the question. *Compare Valdiviezo–Galdamez v. Holder,* 663 F.3d 582, 603–09 (3d Cir. 2011), *and Gatimi v. Holder,* 578 F.3d 611, 615–16 (7th Cir.2009), *with Rivera–Barrientos v. Holder,* 666 F.3d 641, 650–52 (10th Cir.2012). Third, the courts that have rejected *Matter of S-E-G-* have done so based on deficiencies in the reasoning of the agency. The Board, therefore, might respond to these decisions with a new opinion that would change the framework for future litigation. *Cf. Valdiviezo–Galdamez,* 663 F.3d at 615–18 (Hardiman, J., concurring in judgment). Fourth, if the Board does not revisit the matter, then this court remains free to consider the validity of *Matter of S-E-G-* in a future case when the Board's approach seems more likely to affect the outcome. Petitioner's proposed social group (young males who refused to join a particular gang in El Salvador because of moral or religious opposition to gangs) and its variants have been uniformly rejected by those courts that have reached the ultimate merits. *See Zelaya,* 668 F.3d at 167; *Ortiz–Puentes,* 662 F.3d at 483; *Mendez–Barrera v. Holder,* 602 F.3d 21, 26–27 (1st Cir.2010); *Ramos–Lopez v. Holder,* 563 F.3d 855, 858–62 (9th Cir.2009); *see also Gatimi,* 578 F.3d at 616 (expressing "no quarrel" with the rejection of proposed social group in *Ramos–Lopez* ).

For these reasons, I concur in the denial of rehearing en banc.