NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAN PETERS,

        Plaintiff - Appellant,

  v.

MALIA M. COHEN, replacing Betty T.
Yee, in her official capacity as Chief Fiscal
Officer, State Controller of The State of
California, and as Trustee of The Unclaimed
Property Fund,

        Defendant - Appellee.

No. 24-1040

D.C. No.
2:22-cv-00266-JAM-DB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 5, 2025
San Francisco, California

Before: McKEOWN, FORREST, and SANCHEZ, Circuit Judges.

Plaintiff-Appellant Jan Peters appeals the district court's grant of summary

judgment to Defendant-Appellee the California State Controller in this action

concerning the escheatment of Peters's Amazon stock to the state under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

California's Unclaimed Property Law ("UPL"), *see* Cal. Civ. Proc. Code § 1500, *et seq*.  Because the parties are familiar with the facts, we do not recite them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review questions of standing de novo." *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000).  "Whether a state is immune from suit under the Eleventh Amendment is a question of law" also reviewed de novo.  *Bethel Native Corp. v. Dep't of Interior*, 208 F.3d 1171, 1173 (9th Cir. 2000) (citation omitted).  Finally, we review de novo a district court's grant of summary judgment, considering the record in the light most favorable to the nonmoving party.  *King v. Cnty. of L.A.*, 885 F.3d 548, 556 (9th Cir. 2018).

To demonstrate standing, Peters must show that he suffered an injury in fact that is "fairly traceable" to the challenged conduct and is "likely" to be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up).  Peters seeks to enjoin the Controller from enforcing or administering California's UPL against him in the future.  He must therefore demonstrate "a sufficient likelihood that he will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citation omitted).

As the district court observed, "[Peters] has not identified that any other property has been, or will imminently be, escheated to the State."  Indeed, Peters already received the proceeds from the sale of his escheated stock and testified that

he has no additional assets in his Charles Schwab account nor owns any other accounts or property located in the United States. Peters's concern over the possibility the Controller may seek to reach stocks located in his German brokerage account is too speculative to confer standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("'[A]llegations of possible future injury' are not sufficient [to satisfy standing]." (citation omitted)). Peters has therefore failed to demonstrate the requisite likelihood of future harm to pursue his claim for prospective injunctive relief against the Controller.[1]

We have held that the Eleventh Amendment does not prevent suits against the Controller for the return of non-permanently escheated property or the proceeds of that property where the claim is "based on the public official having acted beyond his statutory authority (the 'ultra vires exception')" or where "the plaintiff's theory [is] that the action leading to the government's possession of the property was constitutionally infirm." *Taylor v. Westly* (*Taylor I*), 402 F.3d 924, 934 (9th

---

[1] Peters argues that because one of the plaintiffs in *Taylor II* was English, we must reach the same result in this case—that a non-resident has standing for a prospective injunction. *See Taylor v. Westly* (*Taylor II*), 488 F.3d 1197, 1199–1200 (9th Cir. 2007). But in *Taylor II* we did not address whether the absence of property held in the United States deprived a plaintiff of the required likelihood of a future injury. Therefore, it does not control the question before us. *See Webster v. Fall*, 266 U.S. 507, 511 (1925); *accord United States v. Marin*, 90 F.4th 1235, 1240 (9th Cir. 2024). This is true even of jurisdictional issues, like standing. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952).

Cir. 2005) (footnote omitted); *see also Suever v. Connell* (*Suever I*), 439 F.3d 1142, 1147 (9th Cir. 2006).

Peters attempts to align this case with *Taylor I* and *Suever I* by asserting violations of the UPL's notice provisions as well as his Fifth and Fourteenth Amendment rights and characterizing his requested relief as seeking the "return of his property." Peters concedes that his escheated stock was sold by the state and the sale proceeds returned to him. He contends, however, that he is entitled to the difference between the current market value of his escheated stock and the price at which it was sold in 2018.

This form of relief is plainly foreclosed under our precedent in *Suever v. Connell* (*Suever II*), 579 F.3d 1047, 1059 (9th Cir. 2009) (rejecting a claim against the Controller for "the amount of the difference between the proceeds of the sale of [the plaintiffs'] unclaimed property and the current market value"). In *Suever II*, we explained that plaintiffs are "not entitled to *more* than the actual property that the State took into its possession or the proceeds of that property" because "such claims for additional compensation, whether described as 'restitution' or otherwise, are indistinguishable in effect from claims for money damages against the State and, as such, are barred by the Eleventh Amendment." *Id.* (citing *Taylor I*, 402 F.3d at 932, 935).

Peters's claim under the Takings Clause is similarly unavailing. This court has clarified that "the constitutionally grounded self-executing nature of the Takings Clause does not alter the conventional application of the Eleventh Amendment." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 954 (9th Cir. 2008), *cert. denied*, 555 U.S. 885 (2008). In *Seven Up Pete Venture*, we held that the Eleventh Amendment bars reverse condemnation actions brought in federal court against state officials in their official capacities. *Id.* at 956. In any event, where a plaintiff's property has been seized or sold by the state pursuant to California's UPL, their "property [or its proceeds] ha[ve] not been taken at all, but ha[ve] merely been held in trust . . . by the Controller." *Taylor I*, 402 F.3d at 936. Thus, Peters cannot establish a violation of the Takings Clause.

We conclude that Peters's request for injunctive relief ordering the return of his property is a request for money damages barred under the Eleventh Amendment. This bar applies equally to his related request for declaratory relief because such relief does "not fall within the *Ex parte Young* prospective relief exception to the Eleventh Amendment." *Id.* at 935.

**AFFIRMED.**